Ina PALMER, Plaintiff

v.

Joseph A. SENA, Jr., Esquire, d/b/a Law Offices of Joseph A. Sena, Jr., Defendants.

Civil Action No. 3–04–cv–1416 (JCH).

United States District Court, D. Connecticut.

Jan. 29, 2007.

Sung–Ho Hwang, New Haven, CT, for Plaintiff.

Michael C. Conroy, Gordon, Muir & Foley, Hartford, CT, for Defendants.

### RULING ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT [Doc. Nos. 43 & 44]

HALL, District Judge.

## I. INTRODUCTION

The plaintiff, Ina Palmer, claims breach of contract, negligence, recklessness, and fraud by the defendant, Joseph Sena. In a previous Ruling on Defendants' Motion to Dismiss ("Ruling") at 4–5 [Doc. No. 15], this court dismissed the fraud claim. Sena now moves for summary judgment on the three remaining claims, asserting that there is no genuine issue of material fact concerning any of Palmer's claims.

## II. STANDARD OF REVIEW

In a motion for summary judgment, the burden lies on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *SCS Communications, Inc. v. Herrick Co.*, 360 F.3d 329, 338 (2d Cir.2004). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca–Cola Co.*, 315 F.3d 101, 105 (2d Cir.2002) (per curiam) (internal quotation marks and citations omitted); *accord Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995).

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact...." *Miner v. City of Glens Falls*, 999 F.2d 655, 661 (2d Cir.1993) (internal quotation marks and citation omitted). A dispute regarding a material fact is genuine, " 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Aldrich v. Randolph Cent. Sch. Dist.*, 963 F.2d 520, 523 (2d Cir.1992) (quoting *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505), *cert. denied*, 506 U.S. 965, 113 S.Ct. 440, 121 L.Ed.2d 359 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." *Aldrich*, 963 F.2d at 523 (internal citation omitted). Thus, " '[o]nly when reasonable minds

could not differ as to the import of the evidence is summary judgment proper.'" *Id.* (quoting *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991)); *see also Suburban Propane v. Proctor Gas, Inc.*, 953 F.2d 780, 788 (2d Cir.1992) ("Viewing the evidence in the light most favorable to the nonmovant, if a rational trier could not find for the non-movant, then there is no genuine issue of material fact and entry of summary judgment is inappropriate."). " 'If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" *Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 82–83 (2d Cir.2004) (quoting *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996)).

When a motion for summary judgment is supported by sworn affidavits or other documentary evidence permitted by Rule 56, the nonmoving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading." Fed. R.Civ.P. 56(e); *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir.1995). Rather, "the [nonmoving] party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial" in order to avoid summary judgment. *Id.* "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, or defeat the motion through mere speculation or conjecture." *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir.

1990) (internal quotations and citations omitted). Similarly, a party may not rely on conclusory statements or an argument that the affidavits in support of the motion for summary judgment are not credible. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993).

## III. FACTUAL BACKGROUND

The court assumes familiarity with the facts.[1] *See* Ruling at 1–2. Palmer entered the United States on a fiancé visa to marry Brian Doyle, a United States citizen, on or about January 14, 2001. Her visa expired April 13, 2001. Palmer and Doyle decided not to marry. On or about February 7, 2001, the plaintiff met Dale Palmer. They married on February 14, 2001. On February 16, the Palmers retained the services of the defendant to obtain permanent resident status and, eventually, citizenship for Ina Palmer. On or about March 30, the Immigration and Naturalization Service ("INS") received from Sena a Relative Petition request for Ina Palmer. That Petition Request was approved on or about August 31. On October 15, Sena submitted additional paperwork to support an application for Permanent Resident status. On January 15, 2002, the Palmers and Sena attended an adjustment of status interview in Hartford, Connecticut. On January 26, 2004, Palmer's application was denied because she entered the country on a fiancé visa and she did not marry the person who had petitioned for the visa. Palmer is currently subject to deportation and, upon deportation, will be ineligible for return to the United States for a period of at least ten years. Palmer's husband is now deceased.

---

1. The court notes that the plaintiff did not file a Local Rule 56(a)2 Statement, but plaintiff's counsel informed the court at oral argument, held on January 24, 2007, that he never received the defendant's Local Rule 56(a)1 Statement. While the Rule provides that an unanswered Rule 56(a)1 Statement is taken as admitted, the court does not do so here in light of plaintiff's counsel's claim. In effect, the court has taken plaintiff's allegations as "fact" for purposes of this motion for summary judgment.

On August 27, 2004, Palmer filed this legal malpractice lawsuit against Sena. Palmer employed an expert, Attorney James Swaine, who opined as to the standard of practice that applied to an immigration practitioner when advising a client of the limitation of a non-immigrant fiancé visa as it relates to a person who subsequently marries an individual other than the original petitioner.

## IV. DISCUSSION

### A. Legal Malpractice Claim: Negligence (Count II)

■■■■ In order to bring a legal malpractice claim, a plaintiff must establish: "(1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." *Mayer v. Biafore, Florek and O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998). Sena challenges Palmer's legal malpractice claim by attacking her prima facie case, arguing that since expert testimony is required as to the elements of causation and damages, the failure of Palmer's expert, Attorney Swaine, to opine as to these elements entitles Sena to summary judgment as a matter of law. Palmer counters that her expert did opine as to causation, and, furthermore, causation and damages are so obvious that no expert is required.

The defendant points to a number of Connecticut Appellate and Superior Court cases where expert testimony was required to establish causation in legal malpractice actions. *See* Def.'s Memorandum in Support of Summary Judgment ("Mem. in Supp.") at 3–4 [Doc. Nos. 43 & 44]. These cases base their analysis on Connecticut Supreme Court cases requiring expert testimony in medical malpractice cases, an area which the Court has long held to be one "where expert medical testimony is regarded as essential." *Aspiazu v. Orgera*, 205 Conn. 623, 631, 535 A.2d 338 (1987). The reason for the requirement of expert testimony in medical malpractice actions is because "evidence ... of the medical effect upon the human system of the infliction of injuries[ ] is generally not within the sphere of the common knowledge of a lay witness." *Collette v. Collette*, 177 Conn. 465, 471, 418 A.2d 891 (1979). The Connecticut Supreme Court has carved out an exception to the requirement of expert testimony where the medical condition is "obvious or common in everyday life" or where "the plaintiff's evidence creates a probability so strong that a jury can form a reasonable belief without the aid of any expert opinion." *Aspiazu*, 205 Conn. at 631, 535 A.2d 338.

Connecticut Appellate, Superior, and U.S. District courts have transferred the requirement of expert testimony in medical malpractice actions to legal malpractice actions.[2] In *Solomon v. Levett*, 30 Conn. App. 125, 128, 618 A.2d 1389 (1993), for example, the court stated that "existing precedent" in Connecticut established that a plaintiff in a legal malpractice claim must "produce expert testimony to demonstrate that the defendant's breach proximately caused her injuries." *See also Weaver v. Apuzzo*, 2005 WL 752212, at *5 (D.Conn. 2005) ("A plaintiff alleging attorney malpractice must establish through expert testimony that the attorney's conduct 'legally caused' his claimed injury."); *DiStefano v. Milardo*, 82 Conn.App. 838, 842–43, 847 A.2d 1034 (2004) (" 'Not only must the plaintiffs establish the standard of care [through expert testimony], but they must

---

**2.** In *Margolin v. Kleban and Samor, P.C.*, 275 Conn. 765, 776, 882 A.2d 653 (2005), the Connecticut Supreme Court mentioned, but declined to consider, whether expert testimony was required on proximate causation in a legal malpractice action, because the defendants in that case had failed to adequately brief the issue.

also establish that the defendant's conduct 'legally caused' the injury of which they complain.' ") (citations omitted).

Sena argues that the plaintiff's expert, Attorney Swaine, testified in his deposition that he was not prepared to testify as to proximate cause or damages.[3] Palmer counters that Attorney Swaine's expert report addressed the issue of proximate cause. *See* Plf.'s Memorandum in Opposition to Motion for Summary Judgment ("Mem. in Opp.") at Ex. A [Doc. Nos. 47 & 48], Swaine Report at 4. In this report, Palmer's expert stated that, "the filing of the applications to adjust to lawful permanent resident, employment authorization and all supporting documentation would serve no purpose other than to bring the alien to the attention of the immigration authorities."[4] *See id.* at Swaine Report at 5. Thus, according to Palmer, by filing the application that "on its face was going to get rejected," Sena "proximately caused" Palmer's damages, *i.e.,* Palmer's immediate subjection to deportation proceedings. *Id.* at 5–6.

■ In light of the case law cited above, which appears to require expert testimony on the issue of causation in legal malpractice actions, the court finds that Palmer's response to Sena's causation argument fails as a matter of law. "The test of legal, or proximate cause is whether the attorney's conduct was a substantial factor in bringing about the plaintiff's injury." *Weaver,* 2005 WL 752212, at *5. Here, Swaine's sworn deposition testimony, which was not supplemented by any other sworn evidence, clearly states that Attor-

ney Swaine had not been asked to testify regarding causation. *See* Def.'s Stat. at Ex. A, Swaine Dep. at 52.

■ Palmer seeks to rely on Swaine's expert report to make her argument. However, even if the court were to accept that this report opines on the issue of causation, there are still two difficulties that Palmer cannot overcome. First of all, the expert report was written prior to Attorney's Swaine's deposition, and this unsworn report is an insufficient basis for opposing a summary judgment motion. *See U.S. v. All Right, Title and Interest in Real Property and Appurtenances,* 77 F.3d 648, 658 (2d Cir.1996) (citing Fed. R.Civ.P. 56(e)) "(response to properly supported summary judgment must be 'by affidavits or as otherwise provided in this rule,' *see, e.g.,* Fed.R.Civ.P. 56(c) ('depositions, answers to interrogatories, and admissions on file, together with the affidavits')"). The report has no evidentiary value and, because it was not sworn to, the court cannot even assume that the report in fact contains Attorney Swaine's opinion on causation. Secondly, even if the court treated the report as an admissible affidavit and thus permitted under Rule 56, the statements Palmer cites by Attorney Swaine do not necessarily support the contention that Sena's alleged breach of the standard of care was the proximate cause of Palmer's damages. Even if the court were inclined to consider construing these general statements as inferring causation, there still remains Swaine's later sworn deposition testimony, in which he clearly

---

**3.** In response to whether he was "prepared to testify at trial in this case regarding the approximate causal link if any of any of Attorney Sena's actions or inactions to any damages claimed to have been suffered by Ms. Palmer," Attorney Swaine responded that he "ha[d]n't been asked to do that.... And since I don't know the damages I don't know that I'd—I don't know as I sit here today [that I'd]

be in a position to render such an opinion." Def.'s Stat. at Ex. A, Swaine Dep. at 52 [Doc. No. 43].

**4.** Swaine's report further listed the obligations of immigration attorneys to advise clients orally and in writing of the limitations and potential consequences of non-immigrant fiancé visas. *See id.* at 5.

stated he had not been asked to testify regarding causation. *See* Def.'s Stat. at Ex. A, Swaine Dep. at 52. Thus, the court finds that there is no evidence that Palmer has provided expert testimony connecting the services Sena rendered to any damages Palmer alleges she sustained. *See Vona v. Lerner*, 72 Conn.App. 179, 192, 804 A.2d 1018 (2002).

Courts have found an exception to the requirement of expert testimony where "there is 'such an obvious and gross want of care or skill that the neglect is clear even to a layperson.'" *Cooke v. Williams & Pattis*, 2002 WL 32509019, at *4 (D.Conn.2002) (citations omitted). In *Paul v. Gordon*, 58 Conn.App. 724, 728, 754 A.2d 851 (2000), where the exception applied, the attorney was retained to represent the plaintiffs in a summary process action, but he then did nothing despite assuring them that he would "handle" the matter. As a result, the plaintiffs were evicted from their home and lost a substantial sum of money. *Id.*

In this case, Palmer addresses this exception in two short sentences, which the court finds do not sufficiently explain how Sena's alleged malpractice was "so obvious" to a layperson.[5] *See* Plf.'s Mem. in Opp. at 6; *see also Cooke*, 2002 WL 32509019, at *5 (finding expert testimony was not necessary to establish attorneys' breach of the standard of care where attorneys failed to timely respond to dispositive motions; however, in this malpractice upon malpractice claim, expert testimony was required to establish the "but for" element, *i.e.*, that plaintiffs would have

prevailed upon their underlying claim). Thus, the court finds that Sena is entitled to summary judgment on this claim.[6]

## B. "Derivative Claims": Breach of Contract, Recklessness (Counts I, III)

Sena argues that Palmer's recklessness claim "is simply a reassertion of her legal malpractice claim under a recklessness standard as opposed to ordinary negligence," and because one fails, so should the other. *See* Def.'s Mem. in Supp. at 6. Palmer did not address this argument in her Memorandum in Opposition to Summary Judgment, although her counsel explained to the court at oral argument that he thought Sena's arguments on this count were no different from those on the negligence count. With that in mind, and having found for Sena on the negligence claim, the court necessarily grants summary judgment on the recklessness claim as well.

Sena also argues that Palmer's breach of contract claim is an "attempt to re-cast a malpractice claim in the language of contract." *Id.* at 7. Sena's argument is based on some Connecticut Appellate Court decisions that have held that a plaintiff may not:

> bring an action in both negligence and contract merely by couching a claim that one has breached a standard of care in the language of contract. Thus, ... a claim that a defendant promised to work diligently or in accordance with professional standards is not made a contract

---

**5.** Palmer states the following in support of her argument: "Additionally, causation in this case is so obvious that no expert is require[d]. Any trier of fact can determine without an expert that Defendant's negligence, as outlined by plaintiff's expert report, would result in deportation and cause plaintiff to suffer damages." Plf.'s Mem. in Opp. at 6.

**6.** While the court need not reach this issue, it does agree with Palmer that no expert testimony is required on the issue of damages. She is currently subject to deportation and to a ten-year bar before ever returning to the United States. *See* Plf.'s Mem. in Opp. at 6.

claim simply because it is couched in the contract language of promise and breach.

*Caffery v. Stillman,* 79 Conn.App. 192, 197, 829 A.2d 881 (2003). Although not all claims against attorneys "must necessarily be construed as tort claims," *Mac's Car City, Inc. v. DeNigris,* 18 Conn.App. 525, 530, 559 A.2d 712 (1989), the court need not decide whether this claim sounds in tort or contract, because Palmer has not addressed this argument or claim in her Memorandum in Opposition, or in other than a conclusory fashion at oral argument. Based on the sound argument and record presented by Sena, the motion for summary judgment on this count is granted.

## V. CONCLUSION

For the foregoing reasons, Sena's motions for summary judgment [**Doc. Nos. 43 & 44**] are GRANTED. The clerk is directed to close the case.

**SO ORDERED.**