SATBIR PAUL ET AL. *v.* RICHARD M. GORDON ET AL.
(AC 19881)

O'Connell, C. J., and Foti and Zarella, Js.[1]

Submitted on briefs March 2—officially released July 11, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date that the case was submitted.

*Michael A. D'Onofrio* filed a brief for the appellants (plaintiffs).

*Michael S. Lynch* filed a brief for the appellee (named defendant).

*Opinion*

O'CONNELL, C. J. This is a legal malpractice action in which the plaintiffs[2] appeal from the summary judgment rendered in favor of the defendant.[3] The sole question is whether expert testimony was necessary in the malpractice action to establish the negligence of the defendant in his handling of the underlying summary process action. We conclude that, under the circumstances of this case, expert testimony is not required, and we therefore reverse the judgment of the trial court.

The following facts and procedural history are necessary for a resolution of this appeal. The defendant is an attorney admitted to practice law in this state, and the plaintiffs were his clients in connection with the negotiation of a lease with an option to buy property located in Bethel. The plaintiffs, who were already occupying the property, had deposited $30,000 toward the purchase price when a dispute arose concerning certain property repairs. In reliance on the defendant's advice, the plaintiffs stopped paying rent to the landlord-seller, who subsequently commenced a summary process action and served them with a notice to quit possession.

---

[2] The plaintiffs in this case are Satbir Paul, Shashi Paul, Kusam Paul, Singh Paul and Baldeu Paul.

[3] Margaret Dodd Gordon was a codefendant, but the action against her was withdrawn on July 15, 1999. We refer in this opinion to the named defendant, Richard M. Gordon, as the defendant.

The plaintiffs turned the notice over to the defendant, who said that he would "handle it."[4]

Despite numerous inquiries, the plaintiffs received no further communication from the defendant. The plaintiffs were ultimately evicted from the premises and lost their $30,000 deposit. A subsequent investigation disclosed that a judgment of default for failure to appear had been rendered against the plaintiffs in the summary process action. The defendant never notified the plaintiffs of any court dates or of the judgment rendered against them.

The plaintiffs thereafter commenced a legal malpractice action against the defendant. The plaintiffs did not disclose the names of any expert witnesses whom they intended to call as required by Practice Book § 13-4.[5] Five days before trial was to commence, the court granted the defendant's motion to preclude expert witnesses. The court also gave the defendant permission to file a motion for summary judgment,[6] which motion it subsequently granted.

---

[4] The record is unclear as to whether the plaintiffs gave the defendant the notice to quit or the mesne process in the summary process action. Nevertheless, it is not disputed that whatever process that was served on the plaintiffs was turned over to the defendant and that the defendant had said that he would "handle it."

[5] Practice Book § 13-4 (4) provides in relevant part: "[A]ny plaintiff expecting to call an expert witness at trial shall disclose the name of that expert, the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, to all other parties within a reasonable time prior to trial. . . . If disclosure of the name of any expert expected to testify at trial is not made in accordance with this subsection . . . such expert shall not testify if, upon motion to preclude such testimony, the judicial authority determines that the late disclosure (A) will cause undue prejudice to the moving party; or (B) will cause undue interference with the orderly progress of trial in the case; or (C) involved bad faith delay of disclosure by the disclosing party. . . ."

[6] Practice Book § 17-44 requires that a "party must obtain the judicial authority's permission to file a motion for summary judgment after the case has been assigned for trial. . . ."

The standard for appellate review of a trial court's decision to grant a motion for summary judgment is well established. *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Haesche* v. *Kissner*, 229 Conn. 213, 217, 640 A.2d 89 (1994), quoting *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 781, 595 A.2d 334 (1991). "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 380, 260 A.2d 596 (1969).

As a general rule, a plaintiff cannot prevail in a malpractice action in Connecticut unless he presents expert testimony to establish the standard of proper professional skill or care. "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." *Davis* v. *Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990).

There is an exception to this rule, however, "where there is such an obvious and gross want of care and skill that the neglect is clear even to a lay person." Id., 416 n.6. This exception has been applied in the context of a medical malpractice case. *Shegog* v. *Zabrecky*, 36 Conn. App. 737, 750–51, 654 A.2d 771, cert. denied, 232

Conn. 922, 656 A.2d 670 (1995). Both the Supreme Court and this court have implied, without actually deciding, that this exception also applies in the context of a legal malpractice case. See *Davis* v. *Margolis*, supra, 215 Conn. 416 n.6; *Pearl* v. *Nelson*, 13 Conn. App. 170, 173, 534 A.2d 1257 (1988) (explaining that "[t]here is no reason for a different rule where legal malpractice is claimed"). We hold that it does so apply and, on the basis of this exception, conclude that no expert testimony was required in the present case.

The defendant was retained by the plaintiffs to represent them in a summary process action and, although he assured them that he would "handle" the matter, he took no further action whatsoever to protect their interests. The plaintiffs allege that, as a consequence, they lost a $30,000 deposit, were evicted from the premises, suffered severe emotional distress and incurred relocation expenses.

We hold that no expert testimony is required to establish legal malpractice in a situation where an action has been brought against a party and judgment by default is rendered against that party in the case because his attorney has allegedly done absolutely nothing to protect him. The defendant's alleged failure to take any action whatsoever to protect the interests of the plaintiffs is conduct that involves such an obvious and gross want of care and skill that the neglect would be clear even to a layperson. The issue of the defendant's negligence is sufficiently in dispute to require its submission to a jury without the assistance of expert testimony.

If this case had gone to trial, the defendant would not have been entitled to a directed verdict. Accordingly, he was not entitled to a summary judgment.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.