[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF TILE CASE
CT Page 4067
This plaintiff is seeking to recover damages against the defendants via a three count complaint sounding in breach of contract, and legal malpractice. The defendants are John Williams, Williams, Polan Pattis, L.L.C., and Rosemarie Paine.
The dispute originated in 1998 when the plaintiff, an incarcerated inmate of a state penal institution, wrote to the defendant Williams and sought to retain him to pursue his habeas corpus petition. While the plaintiff contends he retained John Williams and expected to be represented by him alone, Williams denies that was the case and argues that there was a contract with his firm and this contract was performed when Attorney Paine, then an employee of the firm, represented the plaintiff in the habeas corpus trial. The plaintiff contends a breach of contract occurred when Williams failed to represent him personally.
The allegations of malpractice stem from the denial of the habeas corpus petition.
In the trial of this matter the plaintiffs evidence dealt primarily with the breach of contract claim, though he did address the representation he received in the habeas corpus trial.
 I
With respect to the malpractice claim, this court also heard the habeas petition and wrote a decision denying the relief sought.
In that decision, the court noted that even if his speedy trial motion had been granted (it was not), his trial started only nine days after the thirty days the granting of the motion would have allowed.
Such nominal delays rarely produce the drastic result of dismissal. And, it must be noted that the speedy trial motions were filed pro se without advice or assistance of counsel, though he was represented by counsel at the time.
However, the plaintiffs claim must be denied for still another compelling reason. "As a general rule, a plaintiff cannot prevail in a malpractice action in Connecticut unless he presents expert testimony to establish the standard of proper professional skill or care." Paul v.Gordon, 58 Conn. App. 724, 727 (2000).
Judgment may enter for the defendants on the second count and on those portions of the first count alleging malpractice.
 II
CT Page 4068
Turning next to the breach of contract claim, the plaintiff has supported this with copies of his letters to Mr. Williams. The correspondence indicates he corresponded initially with Mr. Williams.
However, Mr. Williams has presented correspondence from his office which puts into question the plaintiffs claim.
In fact, plaintiffs Exhibit C supports Mr. Williams's position that he was contracting for his firm and not for himself. In that letter, Mr. Williams states ". . . our office could handle it for a flat fee. . . ."
Defense Exhibits 1-4 also support the involvement of the firm rather than Mr. Williams individually. For example, Exhibit 1 is a letter on the firm letterhead from Mr. Williams in which he says "We have not yet received the fee. . . ." The plaintiffs check in payment is made out to the firm. (Exhibit 2). In Exhibit 3, Mr. Williams writes. . . . . we have filed our appearance. . . .
Even if all of this material is ignored and the court accepts the plaintiffs argument that he contracted with John Williams only for personal services, subsequent events compel the conclusion that the plaintiff accepted the services of other counsel in the firm. This would constitute a waiver of any right to the services of Williams personally.
In September, Attorney Paine wrote to the plaintiff (Exhibit F). Referring to a prior phone conversation with the plaintiff, she goes on to discuss the trial and states she will make arrangements to meet with him "so that we might prepare." (Emphasis added).
Exhibit 8 is the plaintiffs response to Attorney Paine in which he asks questions and comments about the case. Nowhere does he question her role or even mention John Williams.
The plaintiff has presented nothing after this correspondence to suggest he was unhappy about the appearance of Ms. Paine or the absence of Mr. Williams.
He did not raise such a question when this court heard his petition, for had he done so, the court would have made an inquiry at once. He was at counsel table and participated in the proceedings.
The court must conclude that there was no contract for the personal services of Mr. Williams and if there were one, the plaintiff by his words and deeds accepted the services of Attorney Paine acting on behalf of the firm. This constituted a knowing waiver of any claim he may have CT Page 4069 had to the personal services of Mr. Williams.
Judgment may enter for the defendant on the first count.
III
No liability having been established, the third count alleging damages is dismissed.
 CONCLUSION
Judgment may enter for the defendants on all counts.
___________________ Anthony V. DeMayo Judge Trial Referee CT Page 4070