DAVID FARNSWORTH ET AL. *v.*
MAUREEN O'DOHERTY
(AC 24570)

Lavery, C. J., and Bishop and West, Js.

Argued June 10—officially released September 21, 2004

*Christy H. Doyle*, with whom, on the brief, was *John R. Williams*, for the appellants (plaintiffs).

*Mary Ambrogio Cashman*, with whom was *Trenton C. Haas*, for the appellee (defendant).

*Opinion*

LAVERY, C. J. In this legal malpractice action, the plaintiffs, David Farnsworth and Sharon Farnsworth, appeal from the summary judgment rendered by the trial court in favor of the defendant attorney, Maureen O'Doherty. On appeal, the plaintiffs claim that the court improperly concluded that the limitations period for

commencing an action, set forth in General Statutes § 52-577, began to run on April 26, 1995, the date the defendant filed a complaint on the plaintiffs' behalf, and was not tolled by subsequent developments in the case, and, therefore, the court improperly granted the defendant's motion for summary judgment. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiffs' appeal. On November 1, 1994, the plaintiffs retained the defendant to represent them in a lawsuit seeking to recover damages resulting from the alleged negligent construction of an addition to their Branford home. On April 26, 1995, the defendant filed a complaint on the plaintiffs' behalf against the building contractor, the town engineer and the town of Branford. The defendant ceased to represent the plaintiffs on September 20, 1996.

The town engineer and the town both claimed and qualified for governmental immunity pursuant to General Statutes § 52-557n on January 22, 1999. The complaint against the building contractor was withdrawn in the fall of 2000 after he filed for bankruptcy protection. The plaintiffs filed the legal malpractice claim against the defendant, from which the present appeal arises, on January 20, 2001.

In the present appeal, the plaintiffs claim that the complaint against the town engineer and the town of Branford drafted by the defendant failed to allege recklessness or wanton disregard for health and safety so as to preclude the defense of governmental immunity under § 52-557n. Additionally, the plaintiffs claim that the defendant negligently failed to name the town building inspector as a defendant, arguing that the town building inspector failed to inspect the building foundation and that he recklessly issued a certificate of occupancy in January, 1993.

The defendant filed a motion for summary judgment on April 2, 2003, in which she argued that, as she had not rendered any legal services to the plaintiffs in more than four years, the plaintiffs were time barred by § 52-577 from bringing their legal malpractice action. The court agreed that the plaintiffs were time barred from bringing the action because they had failed to commence it within three years after the defendant had ceased representation of the plaintiffs. The defendant's motion for summary judgment was granted by the court in a memorandum of decision filed August 1, 2003.

At the outset, we set forth our standard of review. "We exercise plenary review over a trial court's decision to grant a motion for summary judgment. . . . Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) *Bebry* v. *Zanauskas*, 81 Conn. App. 586, 589, 841 A.2d 282 (2004).

The plaintiffs argue that the present action did not become ripe for adjudication until after the court dismissed their underlying claims against the town engineer and the town of Branford. Specifically, the plaintiffs argue that the current action only became ripe after they were unable to collect damages in the underlying action and were thereby damaged by the alleged negligence of the defendant. We are not persuaded.

The claim underlying the plaintiffs' present action was based on negligence, which was subject to the limitation period set forth in § 52-577. "Section 52-577 is a statute of repose in that it sets a fixed limit after

which the tortfeasor will not be held liable and in some cases will serve to bar an action before it accrues." (Internal quotation marks omitted.) *Rosenfield* v. *Rogin, Nassau, Caplan, Lassman & Hirtle, LLC*, 69 Conn. App. 151, 159, 795 A.2d 572 (2002). General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." This court has determined that "[s]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) *Rosenfield* v. *Rogin, Nassau, Caplan, Lassman & Hirtle, LLC*, supra, 158. Moreover, our Supreme Court has stated that "[i]n construing our general tort statute of limitations, General Statutes § 52-577, which allows an action to be brought within three years from the date of the act or omission complained of, we have concluded that the history of that legislative choice of language precludes any construction thereof delaying the start of the limitation period until the cause of action has accrued or the injury has occurred." (Internal quotation marks omitted.) *Fichera* v. *Mine Hill Corp.*, 207 Conn. 204, 212, 541 A.2d 472 (1988).

Furthermore, "[t]he exact wording of [§ 52-577], barring the bringing of any action founded upon a tort *'but within three years from the date of the act or omission complained of,'* pinpoints the basic question . . . as being just what actually constituted the 'act or omission complained of' . . . ." (Emphasis in original.) *Prokolkin* v. *General Motors Corp.*, 170 Conn. 289, 294, 365 A.2d 1180 (1976). The relevant date of the act or omission complained of, as that phrase is used in § 52-577, is the date when the negligent conduct of the defendant occurs and not the date when the plaintiffs first sustain damage. "When conducting an analysis under § 52-577,

the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed. . . . The three year limitation period of § 52-577 begins with the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." (Citation omitted; internal quotation marks omitted.) *Collum* v. *Chapin*, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996).

To alleviate the harsh consequences of the occurrence rule, our Supreme Court recently adopted the continuous representation doctrine in *DeLeo* v. *Nusbaum*, 263 Conn. 588, 821 A.2d 744 (2003). Under that rule, "a plaintiff may invoke the doctrine, and thus toll the statute of limitations, when the plaintiff can show: (1) that the defendant continued to represent him with regard to the same underlying matter; *and* (2) either that the plaintiff did not know of the alleged malpractice *or* that the attorney could still mitigate the harm allegedly caused by that malpractice during the continued representation period." (Emphasis in original.) *DeLeo* v. *Nusbaum*, supra, 263 Conn. 597.

In the present case, the occurrence that triggered the statute of limitation in § 52-577 was the defendant's filing, on the plaintiffs' behalf, of a complaint against the building contractor, the town engineer and the town of Branford on April 26, 1995. The plaintiffs did not file their malpractice claim against the defendant until January 20, 2001, which was well outside of three year time period prescribed by § 52-577. We conclude, therefore, that the statute of limitations already had expired when the plaintiffs filed their malpractice claim against the defendant.

We conclude further that the plaintiffs have failed to meet the first prong of the continuous representation test. The act or omission complained of within the

meaning of § 52-577 was the defendant's alleged negligently pleaded complaint, which occurred when she filed the complaint on the plaintiffs' behalf on April 26, 1995. The defendant ceased to represent the plaintiffs on September 20, 1996, tolling the § 52-577 statute of limitations under the continuous representation doctrine until the defendant's termination of representation on that date. Thus, under the continuous representation doctrine, the statute of limitations ran on September 20, 1999. The plaintiffs filed the legal malpractice claim against the defendant on January 20, 2001. The defendant did not continue to represent the plaintiffs during the three years before the statute of limitations ran. The plaintiffs, therefore, may not invoke the continuous representation doctrine. We need not reach the second prong of the test because the defendant did not continuously represent the plaintiffs during the three years prior to this action.

On the basis of our review, we conclude that the court, in its thoughtful and thoroughly reasoned memorandum of decision, properly interpreted § 52-577 as it applies to this case. Accordingly, the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.