WILLIAM PAGAN *v.* COMMISSIONER OF CORRECTION
(AC 27806)

McLachlan, Harper and Lavine, Js.

Argued September 24—officially released November 27, 2007

*Elio C. C. Morgan,* special public defender, for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor,* state's attorney, and *Angela R. Macchiarulo,* senior assistant state's attorney, for the appellee (respondent).

McLACHLAN, J. The petitioner, William Pagan, appeals following the denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus in which he alleged that he was denied the effective assistance of trial counsel. We dismiss the appeal.

The petitioner pleaded guilty to possession with intent to sell more than one ounce of heroin in violation of General Statutes § 21a-278 (b) pursuant to *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). See *State* v. *Pagan*, 75 Conn. App. 423, 425–26, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003). On July 12, 2000, the petitioner was sentenced in accordance with the plea agreement, negotiated by his counsel, to eighteen years in prison with a mandatory minimum of five years to serve. According to the agreement, the petitioner did not have the right to argue for a lesser sentence at the time of sentencing. The petitioner's conviction was upheld on direct appeal to this court. Id., 432.

During these criminal proceedings, the petitioner, who has a history of felony convictions, was represented by his New York counsel of long standing, who was admitted pro hac vice, and by Connecticut counsel. Both counsel were present at the time the petitioner's plea agreement was negotiated and at the hearing when the petitioner entered the plea and the agreement was accepted by the court. Pro hac vice counsel was present at sentencing. At the habeas trial, Connecticut counsel testified that he arrived at the courthouse on the day of sentencing, which was scheduled to take place at 2 p.m. Unbeknownst to him, however, the petitioner was sentenced in the morning. The habeas court did not find that Connecticut counsel's performance was deficient.

In the usual ineffective assistance of counsel case, a habeas petitioner must show that his counsel was ineffective and such ineffectiveness prejudiced the petitioner in that but for the ineffective assistance there would have been no conviction. See *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). That standard has been modified for ineffectiveness claims that result from guilty pleas. See *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In such cases, "to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Id., 59.

The reasonable probability requirement does not require a petitioner to show that counsel's deficient conduct more likely than not altered the outcome of the case, but he must establish "a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington*, supra, 466 U.S. 694. In this case, the petitioner goes beyond the normal claims of ineffectiveness in connection with a guilty plea. Here, the petitioner sounds *Gideon*'s trumpet, claiming that his Connecticut counsel's failure to appear at sentencing was, in effect, a denial of counsel. See *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). This claim, however, sounds a false note. The petitioner has not cited nor have we found a case in which the absence of local counsel to accompany pro hac vice counsel is construed to be the equivalent of a denial of counsel. In fact, the cases we have located are to the contrary. Although, as the petitioner argues, Practice Book § 2-16 does require that "a member of the bar of this state must be present at all proceedings," the mere fact that there has been noncompliance with this rule governing pro hac vice practice is not a denial

of counsel.[1] "[U]nlike serious substantive defects, mere technical defects need not result in per se [s]ixth [a]mendment violations." *United States* v. *Novak*, 903 F.2d 883, 888 (2d Cir. 1990). In fact, "[o]nly where the attorney has never been admitted to practice before any court at all, and thus should be considered a non-lawyer, have courts found per se violations of the right to counsel." *Cole* v. *United States*, 162 F.3d 957, 958 (7th Cir. 1998).

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To determine whether the court abused its discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Bellino* v. *Commissioner of Correction*, 75 Conn. App. 743, 747, 817 A.2d 704, cert. denied, 264 Conn. 915, 826 A.2d 1159 (2003).

---

[1] "Practice Book § 2-16 [also] provides in relevant part: An attorney who is in good standing at the bar of another state . . . may, upon special and infrequent occasion and for good cause shown upon written application presented by a member of the bar of this state, be permitted in the discretion of the court, to participate to such extent as the court may prescribe in the presentation of a cause or appeal in any court of this state . . . ." (Internal quotation marks omitted.) *State* v. *Gasser*, 74 Conn. App. 527, 529 n.4, 812 A.2d 188, cert. denied, 262 Conn. 954, 818 A.2d 781, cert. denied, 540 U.S. 823, 124 S. Ct. 153, 157 L. Ed. 2d 43 (2003).

Because the petitioner has failed to meet his threshold burden of establishing that the issue he raises is debatable among jurists of reason, we cannot find that the court abused its discretion in denying certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.