## BOBBY PETERSON *v.* COMMISSIONER OF CORRECTION
### (AC 28154)

Harper, Lavine and Pellegrino, Js.

Argued February 4—officially released April 8, 2008

*Laljeebhai R. Patel*, special public defender, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Anne F. Mahoney*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Bobby Peterson, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that his habeas counsel did not provide ineffective assistance. We affirm the judgment of the habeas court.

The following procedural history is relevant to the issues on appeal. The petitioner was arrested on May 5, 1990, and charged in four separate informations with numerous sexual assaults. During the course of his criminal trial, after one of his victims had testified, the

petitioner entered a plea of nolo contendere to two counts of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) and fourteen counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The petitioner was sentenced to fifty years in prison, suspended after thirty-eight years, with five years of probation. The petitioner did not file a direct appeal but filed a petition for a writ of habeas corpus in 1996, in which he alleged the ineffective assistance of trial counsel. The court, *W. Sullivan, J.*, denied the petition, and this court upheld the judgment. See *Peterson* v. *Commissioner of Correction*, 51 Conn. App. 903, 723 A.2d 363 (1998). The petitioner filed another petition for a writ of habeas corpus and filed the present amended petition in July, 2005, in which he again alleged the ineffective assistance of trial counsel and the ineffective assistance of habeas counsel. The court, *Hon. Frank S. Meadow*, judge trial referee, dismissed the first count of the petition alleging ineffective assistance of trial counsel as a successive petition and an abuse of the writ of habeas corpus.[1] The second count, alleging ineffective assistance of habeas counsel, was tried to the court, *Hon. Anthony V. DeMayo*, judge trial referee, who denied the petition[2] but granted the petition for certification to appeal.

The *Strickland-Hill* standard is the appellate standard of review for ineffective assistance of counsel claims that result in guilty pleas. "In *Strickland* v. *Washington*, 466 U.S. 668, [687] 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated

---

[1] The judgment of dismissal as to count one is not at issue in this appeal.

[2] In his memorandum of decision as to the claim of ineffective assistance of habeas counsel, Judge DeMayo found that the claims against trial counsel were not substantiated and that habeas counsel could not be faulted for failing to develop a claim against trial counsel. The court stated: "In substance, if trial counsel were not ineffective, habeas counsel's efforts were of no moment."

the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, 104 Conn. App. 557, 571, 935 A.2d 162 (2007), cert. denied, 285 Conn. 911, 935 A.2d 1089 (2008).

"In the usual ineffective assistance of counsel case, a habeas petitioner must show that his counsel was ineffective and such ineffectiveness prejudiced the petitioner in that but for the ineffective assistance there would have been no conviction. . . . That standard has been modified for ineffectiveness claims that result from guilty pleas. See *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In such cases, to satisfy the prejudice requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." (Citation omitted; internal quotation marks omitted.) *Pagan* v. *Commissioner of Correction*, 104 Conn. App. 531, 533, 935 A.2d 175 (2007).

On the basis of our review of the extensive record, the court's memorandum of decision and the briefs of the parties, we conclude that Judge DeMayo properly denied the petitioner's amended petition for a writ of habeas corpus.

The judgment is affirmed.