# WILLIAM PAGAN *v.* OSVALDO GONZALEZ
## (AC 28841)

McLachlan, Lavine and McDonald, Js.

Submitted on briefs October 29, 2008—officially released March 17, 2009

*William Pagan,* pro se, the appellant (plaintiff), filed a brief.

*Opinion*

LAVINE, J. The pro se plaintiff, William Pagan,[1] appeals from the summary judgment rendered by the trial court in favor of the defendant, Osvaldo Gonzalez,[2] an attorney admitted pro hac vice to the bar of the state of Connecticut for the purpose of representing the plaintiff in an underlying criminal matter.[3] On appeal, the plaintiff claims that the court improperly granted the motion for summary judgment with respect to whether (1) the action was barred by the applicable statute of limitations, General Statutes § 52-577, and (2) the plaintiff was required to present expert witness testimony to prevail. We affirm the judgment of the trial court.

The following procedural history is relevant to our resolution of the issues on appeal. The plaintiff commenced a one count cause of action against the defendant on August 16, 2004, by causing a marshal to serve process on the secretary of the state pursuant to General Statutes § 52-59b (c). The plaintiff thereafter filed a four count revised complaint on October 24, 2005. In his revised complaint, the plaintiff alleged that in November, 1999, he retained the defendant to represent him with respect to criminal charges pending against

---

[1] "William Pagan is an apparent alias, as the defendant's legal name is Jose Rosario." *State* v. *Pagan,* 75 Conn. App. 423, 424 n.2, 816 A.2d 635, cert. denied, 265 Conn. 901, 829 A.2d 420 (2003).

[2] The defendant did not file a brief. We therefore resolve this appeal on the basis of the record and the plaintiff's brief.

[3] Pursuant to *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), the plaintiff pleaded guilty to possession with intent to sell heroin in violation of General Statutes § 21a-278 (b). The plaintiff was sentenced to eighteen years in prison, with a mandatory minimum of five years, a sentence that was in accord with his plea agreement that had been negotiated by the defendant. See *Pagan* v. *Commissioner of Correction,* 104 Conn. App. 531, 532, 935 A.2d 175 (2007).

him in the judicial district of Ansonia-Milford. He further alleged that the defendant retained attorney Joseph Colarusso to sponsor his application for pro hac vice admission to the Connecticut bar. The plaintiff alleged in two counts that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The plaintiff also alleged in two counts that the defendant committed legal malpractice at the time the plaintiff was sentenced on July 12, 2000.

The defendant filed a motion to strike the CUTPA counts, which the court, *Pittman, J.*, granted. Thereafter, the defendant filed a motion for summary judgment, claiming that he was entitled to summary judgment in his favor because (1) there was no genuine issue of material fact that the plaintiff did not commence the action within the time permitted by § 52-577 and (2) the plaintiff did not intend to present expert testimony with regard to the allegations of legal malpractice. The court, *Holden, J.*, granted the motion for summary judgment. The plaintiff appealed.

"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . . Finally, the scope of our review of the trial

court's decision to grant the [defendant's] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Deming* v. *Nationwide Mutual Ins. Co.*, 279 Conn. 745, 756–57, 905 A.2d 623 (2006).

I

The plaintiff's first claim is that the court's ruling that his malpractice claims were time barred by § 52-577 constitutes plain error. We disagree.

In its memorandum of decision, the court noted that the plaintiff's legal malpractice action raised claims of negligence subject to § 52-577. See *Farnsworth* v. *O'Doherty*, 85 Conn. App. 145, 148–51, 856 A.2d 518 (2004). The court found that there was no dispute that the date of the defendant's alleged misconduct was the date of the plaintiff's sentencing, July 12, 2000.[4] The critical fact, therefore, is the date the present action was commenced. The officer's return in this matter indicates that on *August 16, 2004,* he "made due and legal service upon the within named nonresident defendant . . . Osvaldo Gonzales . . . by leaving a true and attested verified copy of the original [process] . . . at the office of the Secretary of State, Agent for Service pursuant to [§] 52-59b (c) [of the General Statutes] . . . ."[5] (Emphasis added.) The court concluded that the defendant was entitled to summary judgment because there was no genuine issue of material fact

---

[4] The plaintiff claims that the defendant's legal representation of him was negligent because Colarusso was absent at sentencing and the defendant failed to object to a representation made by the prosecutor as to the amount of heroin in the plaintiff's possession at the time he was arrested. See *State* v. *Pagan*, 75 Conn. App. 423, 430–31, 816 A.2d 635 (amount of heroin not element of crime), cert. denied, 265 Conn. 901, 829 A.2d 420 (2003); see also footnote 3.

[5] The officer's return of service also indicates that on August 17, 2004, he deposited a true and attested verified copy of the original process in the post office at New Britain addressed to the defendant at his last known address.

that the plaintiff had failed to commence the action within the three year statute of limitations.[6]

General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "Section 52-577 is a statute of repose that sets a fixed limit after which the tortfeasor will not be held liable . . . ." (Internal quotation marks omitted.) *LaBow* v. *Rubin*, 95 Conn. App. 454, 468, 897 A.2d 136, cert. denied, 280 Conn. 933, 909 A.2d 960 (2006). "[S]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) Id. "When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) *Farnsworth* v. *O'Doherty*, supra, 85 Conn. App. 149–50.

"Legal actions in Connecticut are commenced by service of process." (Internal quotation marks omitted.) *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 820, 943 A.2d 544 (2008). There is a presumption of truth in matters asserted in the officer's return. See, e.g., *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 515, 923 A.2d 638 (2007). General Statutes § 52-59b (c) provides in relevant part that "[a]ny nonresident individual . . . over whom a court may exercise personal jurisdiction . . . shall be deemed to have appointed the Secretary of the State as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the Secretary

---

[6] The court also concluded that the running of the statute of limitations was not tolled pursuant to the defendant's absence from the state as provided for by General Statutes § 52-590.

of the State and shall have the same validity as if served upon the nonresident individual . . . ." The court therefore properly concluded that the plaintiff's action was barred by § 52-577[7] because the action was commenced more than three years following the alleged malpractice.

## II

The plaintiff's second claim is that the court improperly granted summary judgment by concluding that he could not prevail without expert testimony concerning the defendant's legal representation. We are not persuaded.

The defendant's motion for summary judgment asserted that summary judgment should be granted because the plaintiff failed to disclose an expert witness and had taken the position that expert testimony was not necessary. The court granted summary judgment on the basis of this court's decision in *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 300, 898 A.2d 193 (2006) (when plaintiff alleging legal malpractice fails to establish claim by expert testimony, summary judgment proper). The court also concluded that the exception articulated in *Paul* v. *Gordon*, 58 Conn. App. 724, 728, 754 A.2d 851 (2000), was inapplicable to the facts of this case.

On appeal, the plaintiff argues that the court misconstrued the holdings of *Dixon* and *Paul* by failing to apply them to the facts of this case. "[U]nless [a] defendant's performance constituted such an obvious and gross want of care and skill as to fall within the exception to the expert witness requirement, [a] plaintiff [is]

---

[7] On appeal, the plaintiff argues that the action is not time barred by § 52-577, stating that this is a contract action and that Colarusso's being served in another action in 2002 is binding on the defendant because he and Colarusso were partners. Not only was this claim not raised in the trial court, but it also is without legal foundation. We decline to consider it further.

required to present expert testimony to establish the proper standard of professional skill and care and to assist the court in evaluating the defendant's performance in light of that standard." *Dixon* v. *Bromson & Reiner*, supra, 95 Conn. App. 298. The exception to the need for expert testimony is limited to situations in which the defendant attorney essentially has done nothing whatsoever to represent his or her client's interests, resulting in such "an obvious and gross want of care and skill that the neglect would be clear even to a layperson." *Paul* v. *Gordon*, supra, 58 Conn. App. 728. On the basis of our plenary review of the allegations of the revised complaint, we conclude that the court properly granted summary judgment in favor of the defendant.

The judgment is affirmed.

In this opinion McLACHLAN, J., concurred.

MCDONALD, J., concurring. I concur in the result of the majority opinion.

There was no genuine issue before the trial court that on March 15, 2000, the defendant attorney, Osvaldo Gonzalez, negotiated a plea bargain on behalf of the plaintiff, William Pagan, that provided that the plaintiff could not argue for a lesser sentence in the underlying criminal matter. At that time, Gonzalez, who was acting pro hac vice, was accompanied by the plaintiff's Connecticut attorney. At sentencing on July 12, 2000, Gonzalez was present without the Connecticut attorney, and the court sentenced the plaintiff exactly in accordance with the plea bargain.

I would conclude that the plaintiff was required to establish through expert testimony how he suffered any damage from the failure of Connecticut counsel to be

present at sentencing, that is, evidence of proximate causation.