******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

APPENDIX

CHARLES H. GADDY *v.* MOUNT VERNON FIRE
INSURANCE COMPANY ET AL.*

Superior Court, Judicial District of Hartford
File No. CV-16-6066237-S

Memorandum filed October 16, 2017

*Proceedings*

Memorandum of decision on motions for summary judgment. *Defendants' motion granted; plaintiff's motion denied.*

*Juri E. Taalman* and *Joseph R. Serrantino*, for the plaintiff.

*Beverly Knapp Anderson* and *Carmine Annunziata*, for the defendants.

*Opinion*

NOBLE, J. Before the court are motions for summary judgment by each party. For the reasons set forth below, the defendants' motion for summary judgment is granted, and the plaintiff's motion for summary judgment is denied.

## FACTS

On February 19, 2016, the plaintiff, Charles Gaddy, commenced the present action against the defendants, the Mount Vernon Fire Insurance Company (Mount Vernon) and the United States Liability Insurance Group (USLI).[1] In the amended complaint dated March 6, 2017, the plaintiff alleges that his former insurance agent, the Hunt Group, LLC (Hunt Group), was insured by Mount Vernon and USLI. The plaintiff owned property, which was insured under a policy of insurance (policy) for property and casualty loss with the Scottsdale Insurance Company (Scottsdale.) On May 19, 2003, the plaintiff provided the Hunt Group with funds for the renewal of the policy. On or before June 14, 2003, the Hunt Group failed to timely forward the funds to Scottsdale, which caused the policy to lapse. On that date, the plaintiff experienced a fire loss to the property that was to have been insured by Scottsdale.

The plaintiff brought suit in 2006 against the Hunt Group, claiming negligence. See *Gaddy* v. *Hunt Group, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-06-05003718-S. The defendants thereafter filed a complaint against Hunt Group in the United States District Court for the District of Connecticut (District Court action) seeking a declaratory judgment that it had no duty to indemnify or defend the Hunt Group for its failure to cooperate with the defendants. See *Mount Vernon Fire Ins. Co.* v. *Hunt Group, LLC*, United States District Court, Docket No. 3:06 CV-02006 (CFD) (D. Conn. 2006). In the District Court action, service of process was made on "Mr. Michael Hunt, as agent for Hunt Group, Inc.," and not "Hunt Group, LLC."

On March 29, 2007, the District Court entered a default judgment for failure to appear. See *Mount Vernon Fire Ins. Co.* v. *Hunt Group, LLC*, supra, United States District Court, Docket No. 3:06 CV-02006 (CFD). On April 4, 2007, the District Court entered an amended default judgment (federal declaratory judgment) for failure to appear, and held that Mount Vernon had no duty to defend or indemnify Hunt Group for the plaintiff's fire loss in the underlying Superior Court action. See id. The defendants successfully moved to withdraw their defense of the Hunt Group in the Superior Court action. See *Gaddy* v. *Hunt Group, LLC*, supra, Superior Court, Docket No. CV-06-05003718-S. On January 26, 2009, the plaintiff recovered a judgment against Hunt Group in the amount of $823,919.99 for the plaintiff's fire loss. See id. The plaintiff commenced the current

action against the defendants pursuant to General Statutes § 38a-321,[2] and is, by law, subrogated to the Hunt Group's rights to enforce the policy.

On May 19, 2017, both parties filed motions for summary judgment. The plaintiff's motion asserts that the federal court's declaratory judgment was null and void ab initio because it was obtained by the defendants without proper service on the Hunt Group, and thus, in a manner that amounted to a fraud on the court. The defendants' motion is based on the ground that the plaintiff's claims are time barred under all applicable statutes of limitation and submits the following: (1) the District Court's amended default judgment, dated April 4, 2007; (2) the District Court's default judgment, dated March 29, 2007; (3) the District Court's case docket; (4) the marshal's return of service to "Mr. Michael Hunt of Hunt Group, Inc.," for the District Court action (return of service), dated December 20, 2006; (5) the underlying Superior Court's docket entries; (6) certified Secretary of the State record on Hunt Group; (7) Secretary of the State's Commercial Recording Service (C.O.N.C.O.R.D.) record for Hunt Group; (8) the underlying Superior Court motion to withdraw appearance hearing transcript (*Tanzer, J.*); and (9) the signed and sworn affidavit of Beverly Knapp Anderson, the defendants' attorney.

On June 19, 2017, the plaintiff filed an opposition to the defendants' motion for summary judgment. In his opposition, the plaintiff incorporated his motion for summary judgment, dated May 19, 2017, and submits the following: (1) the signed and sworn affidavit of Robert Enos;[3] (2) the signed and sworn affidavit of Mary Hemsley;[4] (3) the underlying Superior Court judgment; (4) the District Court's complaint, dated December 15, 2006; (5) the District Court's appearance of counsel for Mount Vernon; (6) the return of service; (7) C.O.N.C.O.R.D. business inquiry; (8) the District Court's motion for entry of default, dated January 10, 2007; (9) the District Court's motion for entry of default, dated January 30, 2007; (10) Mount Vernon's memorandum of law regarding service of process in the District Court action, dated March 26, 2007; (11) the District Court action civil docket; (12) the signed and sworn affidavit of Attorney Joseph R. Serrantino;[5] (13) the District Court default judgment, dated March 29, 2007; (14) the District Court amended default judgment, dated April 4, 2007; (15) the District Court motion to withdraw as counsel; and (16) the plaintiff's amended complaint, dated March 6, 2017. On June 19, 2017, the defendants submitted an objection to the plaintiff's summary judgment motion. On July 5, 2017, the plaintiff submitted a reply to the defendants' objection. The court heard oral argument at short calendar on July 10, 2017.

I

DISCUSSION

"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Grenier* v. *Commissioner of Transportation*, 306 Conn. 523, 534, 51 A.3d 367 (2012). "Summary judgment may be granted where the claim is barred by the statute of limitations. . . . Summary judgment is appropriate on statute of limitations grounds when the material facts concerning the statute of limitations [are] not in dispute . . . ." (Citation omitted; internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 313, 77 A.3d 726 (2013).

The defendants argue that their motion for summary judgment should be granted on the grounds that (1) counts one and two of the amended complaint are time barred under the six year statute of limitations in General Statutes § 52-576 (a);[6] and (2) counts three and four are time barred under the three year statute of limitations in General Statutes § 52-577.[7] In the alternative, the defendants argue that the plaintiff cannot demonstrate that the scrivener's error in the summons or marshal's return of service rendered the federal declaratory judgment void ab initio. In support of their argument, the defendants argue that under the reasoning of *Grannis* v. *Ordean*, 234 U.S. 385, 395, 34 S. Ct. 779, 58 L. Ed. 1363 (1914), they are entitled to summary judgment because "if a person is sued by a wrong name, and he fails to appear and plead the misnomer in abatement, the judgment binds him." See also *Morrel* v. *Nationwide Mutual Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (absence of Inc. in corporate name of defendant in affidavit of service did not render default judgment defective where any confusion would have been dispelled by allegations in other documents); *Barsten* v. *Dept. of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (technical misnaming of defendant is insignificant, as accompanying documents made defendant's identity clear); *United States* v. *A. H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (inclusion of Inc. in corporate name of defendant and Lumber in other case did not make complaint defective).

In response, the plaintiff argues that the defendants' motion for summary judgment should be denied and his motion granted because (1) the federal declaratory judgment was null and void ab initio, and was obtained by the defendants in a manner that amounted to fraud on the court; (2) the defendants fraudulently and in bad faith presented the declaratory judgment as the basis for their request to be withdrawn from the underlying Superior Court case; and (3) the defendants' claimed statute of limitations does not apply because the plaintiff's amended complaint is based upon a judgment that can be brought within twenty-five years of the date

upon which judgment was entered pursuant to General Statutes § 52-598.[8]

## A

### Service of Process

The only defect in the service of process that the plaintiff identifies is the naming of "Hunt Group, Inc.," as the defendant, rather than "Hunt Group, LLC." However, "[a] defendant who is clearly identified by a summons and complaint and who has been served with those documents may not avoid the jurisdiction of the district court merely because he is incorrectly named in them." *Tremps* v. *Ascot Oils, Inc.*, 561 F.2d 41, 44 (7th Cir. 1977). Service is proper despite a misnomer if the complaint is "not susceptible to any reasonable doubt or confusion about who it was the plaintiff intended to sue." (Internal quotation marks omitted.) *Conner-Cooley* v. *AIG Life Brokeradge*, 282 F.R.D. 431, 435 (E.D. Wis. 2012).

In support of their argument, the defendants argue that the return of service naming "Hunt Group, Inc.," rather than "Hunt Group, LLC," was a scrivener's error and that there is no evidence that Hunt Group was misled or confused in any way from the misnomer. The plaintiff counters that the District Court did not have personal jurisdiction over the Hunt Group, as it was never properly served with process.

In the present case, service of process in the District Court was made upon "Mr. Michael Hunt as agent for Hunt Group, Inc., at 71 Barbonsel Road, East Hartford." This error could not have created reasonable doubt or confusion about the identity of the intended defendant because there is no "Hunt Group, Inc.," registered in Connecticut, the proper authorized agent for service of process of Hunt Group, "Mr. Michael Hunt at 71 Barbonsel Road, East Hartford," was served, and Hunt Group was the named defendant on the complaint and on both the summons and complaint's captions. On December 20, 2006, Mount Vernon's process server delivered a copy of the summons and complaint to Hunt, who was Hunt Group's authorized agent for service of process. Accordingly, the District Court had personal jurisdiction over Hunt Group, as Hunt Group was properly served with the summons and complaint on December 20, 2006.[9]

## II

### STATUTES OF LIMITATIONS

"[I]n the context of a motion for summary judgment based on a statute of limitations special defense, a defendant typically meets its initial burden of showing the absence of a genuine issue of material fact by demonstrating that the action had commenced outside of the statutory limitation period. . . . When the plaintiff asserts that the limitations period has been tolled by

an equitable exception to the statute of limitations, the burden normally shifts to the plaintiff to establish a disputed issue of material fact in avoidance of the statute." (Internal quotation marks omitted.) *Flannery* v. *Singer Asset Finance Co., LLC*, 312 Conn. 286, 310, 94 A.3d 553 (2014).

The defendants argue that counts one and two of the amended complaint are time barred under the six year statute of limitations in § 52-576 (a), and counts three and four are time barred under the three year statute of limitations in § 52-577. The plaintiff counters that the statutes of limitations were tolled by the continuing course of conduct doctrine or by the doctrine of equitable estoppel. Specifically, the plaintiff argues that the defendants acted fraudulently when Mount Vernon obtained the federal declaratory judgment because Hunt Group was never served with process, and therefore, the District Court did not have personal jurisdiction over Hunt Group. The plaintiff further argues that the defendants acted fraudulently when they submitted the original declaratory judgment, instead of the amended declaratory judgment, to the Superior Court. At no time has the plaintiff moved to open or vacate the judgment of the District Court.

A

Section 52-576 (a)

The defendants argue that counts one and two are time barred under § 52-576 (a) because the plaintiff became subrogated to the Hunt Group's rights on February 25, 2009, and therefore, was required to commence suit within six years of that date. Section 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." "[Our Appellate Court] and our Supreme Court have held that, in the absence of some other controlling statutory or contractual provision, § 52-576 (a) is the applicable statute of limitation for bringing claims under insurance policies." *Gohel* v. *Allstate Ins. Co.*, 61 Conn. App. 806, 821, 768 A.2d 950 (2001).

In the present case, it is undisputed that the Superior Court in the underlying action entered judgment against Hunt Group on January 26, 2009. See *Gaddy* v. *Hunt Group, LLC*, supra, Superior Court, Docket No. CV-06-05003718-S. Pursuant to § 38a-321, the plaintiff became subrogated to the Hunt Group's rights thirty days after the judgment was rendered. The plaintiff could have brought a subrogation action beginning on February 25, 2009, and therefore, was required to commence suit within six years from that date. Because the only statute of limitations applicable to the plaintiff's claim was that set forth in § 52-576 (a), namely, six years, and because the plaintiff brought suit on that claim after six years, on

February 17, 2016, the defendants' motion for summary judgment as to counts one and two should be granted unless the statute of limitations is tolled under one of the exceptions.

B

Section 52-577

Section 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." "[S]ection 52-577 is an occurrence statute, meaning that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." (Internal quotation marks omitted.) *Pagan* v. *Gonzalez*, 113 Conn. App. 135, 139, 965 A.2d 582 (2009). "When conducting an analysis under § 52-577, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." (Internal quotation marks omitted.) Id.

In the present case, the District Court issued the amended judgment on April 4, 2007. The plaintiff argues that the defendants acted fraudulently when they submitted the motion to withdraw their appearance in the underlying Superior Court action. The Superior Court granted the motion to withdraw the appearance on June 6, 2007. See *Gaddy* v. *Hunt Group, LLC*, supra, Superior Court, Docket No. CV-06-05003718-S. Therefore, the plaintiff was required to commence suit by June 6, 2010, at the latest. The plaintiff, however, did not commence suit until February 17, 2016. Therefore, the defendants' motion for summary judgment as to counts three and four should be granted unless the statute of limitations is tolled under one of the exceptions argued by the plaintiff.

C

Continuing Course of Conduct Doctrine

One of the exceptions to toll the statute of limitations is the continuing course of conduct doctrine. The defendants argue, inter alia, that the continuing course of conduct doctrine does not apply because the plaintiff cannot establish that the defendants committed an initial wrong against the plaintiff since service of process on "Hunt Group, Inc.," instead of "Hunt Group, LLC," did not make the federal declaratory judgment void ab initio, and therefore, the defendants did not have a duty to defend and indemnify Hunt Group. The plaintiff, however, argues that the federal declaratory judgment that relieved the defendants from their continuing duty to defend and indemnify Hunt Group was void ab initio, and therefore, the defendants had a continuing duty to defend and indemnify, which the defendants breached.

"[W]hen the wrong sued upon consists of a continuing

course of conduct, the statute does not begin to run until that course of conduct is completed." (Internal quotation marks omitted.) *Flannery* v. *Singer Asset Finance Co.*, *LLC*, supra, 312 Conn. 311. "[I]n deciding . . . the defendant's motion for summary judgment, [the court] must determine if there is a genuine issue of material fact with respect to whether the defendant: (1) committed an initial wrong upon the plaintiff; (2) owed a continuing duty to the plaintiff that was related to the alleged original wrong; and (3) continually breached that duty." (Internal quotation marks omitted.) Id., 313.

In the present case, the plaintiff has failed to produce evidence that the defendants have committed an initial wrong upon the plaintiff. "[A] precondition for the operation of the continuing course of conduct doctrine is that the defendant must have committed an initial wrong upon the plaintiff." (Internal quotation marks omitted.) Id., 312.

Simply put, there is no evidence that the defendants committed common-law fraud, or any fraud, on the court. The federal declaratory judgment was not void ab initio because service of process was proper, and therefore, it was not fraudulent for the defendants to present this court with the federal declaratory judgment. As the plaintiff has failed to demonstrate the precondition for the operation of the continuing course of conduct doctrine, it does not apply to the present case.

D

Doctrine of Equitable Estoppel

A second exception to toll the statute of limitations is the doctrine of equitable estoppel. "The doctrine of equitable estoppel is well established. [W]here one, by his words or actions, intentionally causes another to believe in the existence of a certain state of things, and thereby induces him to act on that belief, so as injuriously to affect his previous position, he is [precluded] from averring a different state of things as existing at the time. . . . In its general application, we have recognized that [t]here are two essential elements to an estoppel—the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and that the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." (Internal quotation marks omitted.) *Coss* v. *Steward*, 126 Conn. App. 30, 41, 10 A.3d 539 (2011). "[T]here must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence on his part as amounts to constructive fraud, by which another has been misled to his injury." (Internal quotation marks omitted.) Id., 41–42. "In the absence of

prejudice, estoppel does not exist." (Internal quotation marks omitted.) Id., 42.

The defendants argue that the doctrine of equitable estoppel does not apply here because there is no evidence that the defendants induced the plaintiff to refrain from bringing the action prior to the expiration of the statute of limitations. The defendants further argue that equitable estoppel does not apply because the service of process on "Hunt Group, Inc.," was not intentional and was a mere scrivener's error, and there is no evidence that Hunt Group was confused or misled by such misnomer. To counter, the plaintiff argues that the defendants are equitably estopped from asserting the statute of limitations defense because Mount Vernon fraudulently obtained a withdrawal of representation of Hunt Group in the underlying Superior Court case on the basis of a federal declaratory judgment that was void ab initio for lack of service of process on Hunt Group.

In the present case, similar to *Carroll* v. *Safeco Ins.*, Superior Court, judicial district of Waterbury, Docket No. 117750 (April 5, 1994) (*Sullivan, J.*) (11 Conn. L. Rptr. 271, 273), "[t]he plaintiff has neither alleged nor shown any facts that the defendant misrepresented or misled [him] about the state of limitations." A mere mistake, such as a misnomer, does not afford a basis for estoppel. See *Krupa* v. *Kelley*, 5 Conn. Cir. Ct. 127, 132, 245 A.2d 886 (1968). The doctrine of equitable estoppel, therefore, is not applicable.

### III

### CONCLUSION

For the foregoing reasons, the defendants' motion for summary judgment is granted and the plaintiff's motion for summary judgment is denied.

* Affirmed. *Gaddy* v. *Mount Vernon Fire Ins. Co.*, 192 Conn. App.    ,    A.3d     (2019).

[1] USLI is Mount Vernon's parent company. USLI and Mount Vernon will be collectively referred to as the defendants.

[2] General Statutes § 38a-321 provides in relevant part: "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied *within thirty days* after the date when it was rendered, such judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment." (Emphasis added.)

[3] Robert Enos is the New England district manager of Custard Insurance Adjusters, Inc.

[4] Mary Hemsley is a second vice president/claims examiner for USLI.

[5] Attorney Joseph R. Serrantino is an attorney for Brignole & Bush, LLC.

[6] General Statutes § 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ."

[7] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission

complained of.''

[8] General Statutes § 52-598 (a) provides in relevant part: "[N]o action based upon such a judgment may be instituted after the expiration of twenty-five years from the date the judgment was entered . . . ."

The parties disagree on the applicable statute of limitations. The defendants argue that the statute of limitations for tort cases under § 52-577 is three years, and the statute of limitations for breach of contract cases under § 52-576 (a) is six years. The plaintiff argues that this is an action to collect a prior judgment, and therefore, the statute of limitations is twenty-five years under § 52-598. The court rejects the plaintiff's argument that the twenty-five year statute of limitations in § 52-598 applies in the present action because the plaintiff does not have a judgment against either of the defendants to enforce, and the defendants received a declaratory judgment, which discharged their duty to indemnify and defend Hunt Group. Our courts have previously reasoned that § 52-598 is applicable when the plaintiff has proven that the defendants are the alter ego of the entity that was subject to the previous judgment, which the plaintiff has not demonstrated here. See *Wm. Passalacqua Builders*, *Inc.* v. *Resnick Developers South*, *Inc.*, 933 F.2d 131, 142–43 (2d Cir. 1991); *Pullicino* v. *Jensen*, Superior Court, judicial district of Waterbury, Docket No. CV-13-6019108-S (December 27, 2013) (*Roche*, *J.*) (57 Conn. L. Rptr. 372, 374).

[9] The defendant does not argue, and this court does not consider, whether this court has authority or jurisdiction to find that an action brought, and judgment rendered, in the United States District Court, is void ab initio.

_____