BRIAN MOORE *v.* LEONARD M. CRONE ET AL.
(AC 28868)

Lavine, Robinson and Lavery, Js.

Argued January 22—officially released May 19, 2009

*Brian Moore*, pro se, the appellant (plaintiff).

*Robert W. Cassot*, with whom, on the brief, were *Cristin E. Sheehan* and *Keith J. Currier*, for the appellee (named defendant).

*Opinion*

LAVERY, J. The pro se plaintiff, Brian Moore, appeals from the summary judgment of the trial court, rendered in favor of the defendant Leonard M. Crone.[1] The plaintiff's two count amended complaint alleged that the defendant was negligent in his legal representation of the plaintiff for purposes of his direct appeal from a criminal conviction and that the defendant breached his contract with the plaintiff. On appeal, the plaintiff claims that an expert is not required for him to prevail

---

[1] An unidentified defendant, John Doe, also was named in the complaint. Because Crone is the only defendant participating in this appeal, we refer to him as the defendant.

on his claims and that the court should have considered his case on the merits. We affirm the judgment of the trial court.

The following facts are relevant to the plaintiff's appeal. The plaintiff was convicted of attempt to commit murder and two counts of assault in the first degree. The defendant represented the plaintiff in both the trial and the appeal. See *State* v. *Moore*, 69 Conn. App. 117, 795 A.2d 563, cert. denied, 260 Conn. 941, 835 A.2d 59 (2002). On March 24, 2005, the plaintiff filed a one count complaint against the defendant alleging legal malpractice. On March 24, 2005, the defendant filed a motion for disclosure of an expert, which was granted by the court, giving the plaintiff sixty days to disclose this information. On April 12, 2006, the plaintiff filed an amended two count complaint, adding a cause of action for breach of contract. The plaintiff did not disclose any expert witness or request additional time to do so. The defendant filed a motion for summary judgment on September 1, 2006, claiming that as a matter of law, the plaintiff cannot prevail on either count in the amended complaint without expert testimony on the attorney's standard of care. The plaintiff filed a memorandum of law in opposition to the motion for summary judgment on October 4, 2006, claiming an exemption to the general rule requiring expert testimony because the defendant's conduct was such an obvious and gross want of care that the neglect is clear to a layperson. The court, *Elgo, J.*, found that the neglect claimed by the plaintiff is not the type of claim for which an exception to the expert testimony rule has been found and that expert testimony was required for both claims. The court granted the defendant's motion for summary judgment and rendered judgment thereon. The plaintiff thereafter filed this appeal.

The defendant's motion for summary judgment asserted that summary judgment should be rendered

because the plaintiff failed to disclose an expert witness. The plaintiff had taken the position that expert testimony was not necessary. The court rendered summary judgment on the basis of this court's decision in *Dixon* v. *Bromson & Reiner*, 95 Conn. App. 294, 300, 898 A.2d 193 (2006) (summary judgment proper when plaintiff alleging legal malpractice fails to establish claim by expert testimony). The court concluded that the exception articulated in *Paul* v. *Gordon*, 58 Conn. App. 724, 728, 754 A.2d 851 (2000), was inapplicable to the facts of this case. The court further found that the same principles govern whether expert testimony is required in a breach of contract claim, when it is in the context of a legal malpractice claim. *Celentano* v. *Grudberg*, 76 Conn. App. 119, 125, 818 A.2d 841, cert. denied, 264 Conn. 904, 823 A.2d 1220 (2003). On appeal, the plaintiff claims that the court improperly concluded that expert testimony was required for his claims of legal malpractice and breach of contract. Specifically, he argues that the defendant's alleged acts of negligence were so apparent that expert testimony was not needed. We are not persuaded.

We begin our analysis by setting forth the applicable standard of review. "The determination of whether expert testimony is needed to support a claim of legal malpractice presents a question of law. . . . Accordingly, our review is plenary." (Citation omitted.) *Ackerly & Brown, LLP* v. *Smithies*, 109 Conn. App. 584, 587–88, 952 A.2d 110 (2008).

"Generally, to prevail on a legal malpractice claim, in Connecticut, a plaintiff must present expert testimony to establish the standard of proper professional skill or care. . . . Not only must the plaintiffs establish the standard of care, but they must also establish that the defendant's conduct legally caused the injury of which they complain." (Internal quotation marks omitted.) *DiStefano* v. *Milardo*, 82 Conn. App. 838, 842,

847 A.2d 1034 (2004), aff'd, 276 Conn. 416, 886 A.2d 415 (2005).

Our courts have carved out a limited exception to this general rule in cases in which "there is present such an obvious and gross want of care and skill that the neglect [to meet the standard of care] is clear even to a layperson." (Internal quotation marks omitted.) *Anderson* v. *Schoenhorn*, 89 Conn. App. 666, 671, 874 A.2d 798 (2005); see also *Celentano* v. *Grudberg*, supra, 76 Conn. App. 126; *Pearl* v. *Nelson*, 13 Conn. App. 170, 173, 534 A.2d 1257 (1988). "In legal malpractice litigation, expert evidence is required for most cases but not for all." *St. Onge, Stewart, Johnson & Reens, LLC* v. *Media Group, Inc.*, 84 Conn. App. 88, 95, 851 A.2d 1242, cert. denied, 271 Conn. 918, 859 A.2d 570 (2004).

The appellate courts of this state have set forth the rationale behind the expert testimony requirement in malpractice actions. "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the [attorney's] actions in light of that standard." *Davis* v. *Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990); *Dixon* v. *Bromson & Reiner*, supra, 95 Conn. App. 297–98; *DiStefano* v. *Milardo*, supra, 82 Conn. App. 842.

The court summarized the allegations of negligence pleaded by the plaintiff to be that "the defendant failed to raise the issue of double jeopardy on appeal; that the defendant failed to raise the issue of fair notice of the charging documents on appeal; that the defendant failed to raise the issue of instructional error on appeal; that the defendant failed to raise an issue pertaining to the trial court's subject matter jurisdiction; that the defendant failed to raise the issue of inconsistent verdicts on appeal; that the defendant attempted to procedurally default and waive the plaintiff's constitutional

rights on appeal; that the defendant failed to notice that a portion of the transcript provided to the Appellate Court was missing; that the defendant failed to brief every separate act of alleged prosecutorial misconduct. . . . In contrast to cases where attorneys have failed to follow basic rules of procedure or have incurred default judgments for their failure to attend court hearings, these claims do not implicate conduct that is such a gross departure from an attorney's standard of care that the neglect would be obvious even to a layperson." We conclude, as the trial court did, that the plaintiff's allegation of the defendant's negligence required expert testimony to assist the judge, as the trier of fact, in determining both the applicable standard of care and the evaluation of the defendant's actions with respect to that standard. The court properly concluded that the general rule requiring expert testimony in a legal malpractice action applied and that in the absence of such testimony, the plaintiff's claims of legal malpractice and breach of contract could not be proven at trial.

The judgment is affirmed.

In this opinion the other judges concurred.