## NICHOLAS J. BYRNE, JR. *v.* JOHN H. GRASSO
## (AC 30275)

Flynn, C. J., and DiPentima and West, Js.

Argued October 13—officially released December 15, 2009

*Nicholas J. Byrne, Jr.*, pro se, the appellant (plaintiff).

*James R. Fiore*, with whom, on the brief, was *Anthony Nuzzo, Jr.*, for the appellee (defendant).

*Opinion*

FLYNN, C. J. The plaintiff, Nicholas J. Byrne, Jr., appeals from the summary judgment rendered by the trial court in favor of the defendant, John H. Grasso, an attorney, in this legal malpractice action. On appeal, the plaintiff claims that the court improperly rendered summary judgment after concluding that his preclusion from calling expert witnesses to support his cause of action for legal malpractice rendered such claim legally insufficient as a matter of law. We affirm the judgment of the trial court.

The plaintiff brought this claim of legal malpractice against the defendant, his former attorney, for the alleged inadequate representation of his interests in a probate matter. As explained by the trial court: "An examination of the pleadings and documentary proof submitted by the parties discloses no genuine dispute as to the following facts. On April 7, 1997, the plaintiff's father created a will naming the plaintiff as executor of his testamentary estate. The plaintiff was appointed executor by the Probate Court based on this will. [Monica Banta, the plaintiff's sister] contested the validity of this will and sought the admission of an earlier [September 24, 1996] will, which named her as executrix.

"In December, 2000, the plaintiff hired the defendant to represent him, in his capacity as executor, to defend the legitimacy of the April 7, 1997 will. On May 9, 2001, the Vernon Probate Court, after a hearing, found the issues in favor of Banta and ruled [that] the April 7, 1997 will [was] invalid. On January 16, 2002, Banta was recognized by the Probate Court as the executrix of the estate. The plaintiff appealed these rulings to the Superior Court.

"While the appeals were pending, the Probate Court heard Banta's request for approval of her final accounting, which included payment of $7151.25 for her attorney's fees. The defendant failed to attend this hearing. On May 1, 2003, the Probate Court allowed these attorney's fees to be paid from the estate.[1] The defendant never advised the plaintiff concerning the need to appeal from this ruling, and no timely appeal was taken.

---

[1] We view the record in this case as complex. Although the appeal to the Superior Court from the Probate Court's order admitting the will to probate dated September 24, 1996, which named Banta as executrix, still was pending, the Probate Court accepted a final accounting of Banta but withheld any order of distribution to particular persons of the residue of the estate until a final judgment on the appeal from the Probate Court's admission of the September 24, 1996 will.

"On August 23, 2003, the plaintiff discharged the defendant as his counsel.

"At the trial de novo in the Superior Court, [the court] ruled that the April 7, 1997 will was . . . valid and remanded the matter to the Probate Court for further action. . . . Armed with this reversal, the plaintiff asked the Probate Court to vacate its previous decision to allow Banta's attorney's fees. On February 24, 2005, the Probate Court denied this request because no appeal from that order had been taken." (Citation omitted.)

On April 28, 2006, the plaintiff commenced this legal malpractice action against the defendant, alleging that the defendant had provided inadequate representation of the plaintiff's interests during the probate proceedings. On April 9, 2008, the defendant filed a motion to preclude expert testimony on the basis of the plaintiff's failure to disclose any experts in accordance with Practice Book (2008) § 13-4 (4). The court granted the motion on May 5, 2008. On May 27, 2008, the defendant filed a motion for summary judgment on the ground that the plaintiff could not prove his claim of legal malpractice without the precluded expert testimony. Agreeing, the court granted the motion and rendered judgment in favor of the defendant. This appeal followed.

Initially, we set forth the applicable standard of review for appeals from the entry of summary judgment. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the

absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Zulick* v. *Patrons Mutual Ins. Co.*, 287 Conn. 367, 372, 949 A.2d 1084 (2008). Furthermore, "[t]he determination of whether expert testimony is needed to support a claim of legal malpractice presents a question of law." (Internal quotation marks omitted.) *Moore* v. *Crone*, 114 Conn. App. 443, 446, 970 A.2d 757 (2009).

The plaintiff claims that there was no need for expert testimony in this case, arguing that his allegations of malpractice "implicate conduct which is such a gross departure from an attorney's standard of care that the neglect would be [obvious] to even a layperson." Therefore, he argues, this is the type of case for which expert testimony is unnecessary. The defendant argues that the court properly rendered judgment in his favor because the plaintiff could not establish a prima facie case of legal malpractice without the introduction of expert testimony to prove a breach of the standard of care and that such breach proximately caused the alleged damage to the plaintiff. We agree with the defendant.

"In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. . . . When proof of the existence of an attorney-client relationship is conceded, proof of the second element, a wrongful act or omission, normally involves expert testimony as to the existence of a professional duty on the part of

the attorney and a departure from it by some negligent act or omission. . . .

"As to causation: In legal malpractice actions, the plaintiff typically proves that the defendant attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the defendant not been negligent. This traditional method of presenting the merits of the underlying action is often called the case-within-a-case." (Citation omitted; internal quotation marks omitted.) *Lee* v. *Harlow, Adams & Friedman, P.C.*, 116 Conn. App. 289, 297, 975 A.2d 715 (2009).

To prevail on a legal malpractice claim, "a plaintiff must present expert testimony to establish the standard of proper professional skill or care . . . [and to] establish that the defendant's conduct legally caused the injury of which [the plaintiff] complain[s]." (Internal quotation marks omitted.) *Moore* v. *Crone*, supra, 114 Conn. App. 446. "[U]nless [a] defendant's performance constituted such an obvious and gross want of care and skill as to fall within the exception to the expert witness requirement, [a] plaintiff [is] required to present expert testimony to establish the proper standard of professional skill and care and to assist the court in evaluating the defendant's performance in light of that standard. . . . The exception to the need for expert testimony is limited to situations in which the defendant attorney essentially has done nothing whatsoever to represent his or her client's interests, resulting in such an obvious and gross want of care and skill that the neglect would be clear even to a layperson." (Citation omitted; internal quotation marks omitted.) *Pagan* v. *Gonzalez*, 113 Conn. App. 135, 140–41, 965 A.2d 582 (2009).

In this case, the plaintiff contended that it was malpractice for the defendant not to attend the hearing on Banta's request for approval of her final accounting and

for him to fail to tell the plaintiff about his rights to appeal from the final accounting. The plaintiff further alleged that these failures by the defendant were the legal cause of his damages because the estate was required to pay the $7151.25 in attorney's fees. We cannot agree that such allegations could have been proven without expert testimony.

A close review of the record does not lead us to the conclusion that the defendant's representation of the plaintiff exhibited such an obvious and gross want of care and skill as to fall within the exception to the expert witness requirement when malpractice is alleged to have taken place. See *Moore* v. *Crone*, supra, 114 Conn. App. 446. Although it is alleged that the defendant failed to attend a hearing on the final accounting submitted by Banta and failed to explain to the plaintiff his right to appeal from the court's decision on the final accounting, it could not be said that the defendant did "nothing whatsoever to represent his . . . client's interests"; (internal quotation marks omitted) *Pagan* v. *Gonzalez*, supra, 113 Conn. App. 141; throughout his entire representation period, which began in December, 2000, and ended on August 23, 2003. We, therefore, are not confronted with the kind of "obvious and gross want of care and skill" that would constitute such neglect as would "be clear even to a layperson." (Internal quotation marks omitted.) Id., 140–41. Additionally, whether the alleged failure to attend the hearing on the final accounting and to discuss appellate rights with the plaintiff was a breach of the standard of care also would require the testimony of an expert. "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the [attorney's] actions in light of that standard." *Davis* v. *Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990).

Furthermore, even if we were to assume arguendo that the plaintiff could have established a breach of the standard of care without the aid of expert testimony, we also would have to conclude that without the aid of such testimony it would not have been reasonably possible for the plaintiff to prove that the estate would have been excused from paying the attorney's fees accumulated by Banta while she was serving as the court-appointed executrix of the decedent's estate. Attorney Mark R. Spurling represented Banta in getting the September 24, 1996 will admitted to probate successfully, and, during her administration of that will, his name appears on legal documents in the court file. We note that General Statutes § 45a-294 permits an executrix to recover reasonable and necessary expenses even if the will is contested and subsequently not admitted to probate.[2] Further expenses also may be recoverable in defending such will on appeal. General Statutes § 45a-294. Accordingly, we agree with the trial court that "causation in this case is no simple matter."

To prove that the plaintiff would have been successful in eliminating the legal fees ordered paid by the Probate Court upon its acceptance of Banta's final accounting, the plaintiff likely would have to participate in a complex case-within-a-case trial. Without the testimony of a legal expert on the likelihood of succeeding in such a contest on the attorney's fees accumulated by the

---

[2] General Statutes § 45a-294 provides: "(a) The court of probate having jurisdiction of the testate estate of any person shall allow to the executor his just and reasonable expenses in defending the will of such person in the probate court, whether or not the will is admitted to probate.

"(b) If there is an appeal from the order or decree of such court, admitting or refusing to admit to probate the will of such person, the court of probate shall allow to the executor or administrator his just and reasonable expenses in supporting and maintaining or defending against such will, on such appeal.

"(c) Such expenses shall be charged by such court pro rata against the respective rights or shares of the devisees and legatees under such will and the distributees of such estate."

court-appointed executrix during the will contest in Probate Court and during her period of administration, we conclude that the plaintiff could not have sustained such a burden; the issues simply were too complex.

The judgment is affirmed.

In this opinion the other judges concurred.