## O'CONNELL, FLAHERTY AND ATTMORE, LLC *v.* ELIZABETH A. RICHTER
## (AC 32353)

Bishop, Robinson and Borden, Js.

Argued June 1—officially released August 23, 2011

*Elizabeth A. Richter*, pro se, the appellant (defendant).

*Sandi B. Girolamo*, with whom were *Peter J. Sterling* and, on the brief, *Pamela M. Magnano*, for the appellee (plaintiff).

PER CURIAM. The self-represented defendant, Elizabeth A. Richter, appeals from the judgment of the trial court finding in favor of the plaintiff, O'Connell, Flaherty & Attmore, LLC, on its complaint and on the defendant's counterclaim that alleged legal malpractice. On appeal, the defendant claims that the court improperly (1) denied her motion for a continuance, (2) precluded the introduction of deposition testimony, and (3) concluded that she had failed to meet her burden of demonstrating legal malpractice. We find no error and affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the claims on appeal. On April 30, 2007, the plaintiff and the defendant entered into a representation agreement, under which the plaintiff agreed to represent the defendant in the dissolution of her marriage. The plaintiff represented the defendant until September 5, 2007, when attorney James Flaherty, a partner with the plaintiff, withdrew from his representation of the defendant.[1]

On March 12, 2009, the plaintiff filed a complaint, in which it alleged that the defendant had failed to pay the attorney's fees that she had incurred as a result of the plaintiff's representation. On April 8, 2009, the defendant filed an answer to the plaintiff's complaint and asserted a counterclaim for legal malpractice.[2]

---

[1] As to why he withdrew his representation, attorney Flaherty testified that "[the defendant] could be very nice. But when she was difficult, she was impossible. And she would be, in those situations . . . abusive to my staff."

[2] In her counterclaim, the defendant alleged that Flaherty did not take direction from the defendant; ignored requests of the defendant; did not maintain good communication with the defendant; did not explain certain matters fully to the defendant; conducted incomplete discovery concerning her husband's assets; wrongfully advised the defendant to execute and to deliver a promissory note to her parents; lacked reasonable competence in understanding the medical evidence involved in the case; wrongfully threatened to withdraw from representation of the defendant; and made misrepresentations to the court concerning the defendant during the hearing on the plaintiff's motion to withdraw that harmed her case and reputation.

On July 16, 2009, a subpoena was authorized for the defendant to take the deposition of James Black, a child psychologist, who served as the custody evaluator in the defendant's dissolution case. The defendant, however, was unable to depose Black until January 29, 2010.[3]

A two day trial began on February 4, 2010. The defendant did not call Black as a witness, but instead attempted to introduce Black's deposition into evidence. The defendant argued that Black had evaluated her during her marital dissolution case, and she therefore wanted to admit his deposition testimony because attorney Flaherty had "made [her] mental health such a central issue in [the] case . . . ." The plaintiff objected, arguing that the deposition was irrelevant, as it did not pertain to breach of the standard of care, that Black had not been disclosed as an expert witness and that the deposition was hearsay that did not fall within a recognized exception to the hearsay rule. The court sustained the objection on both relevancy and hearsay grounds.

The defendant did not obtain an expert witness to testify as to the standard of care, nor did she disclose any expert witness in accordance with Practice Book § 13-4. The court, however, allowed the defendant to question attorney Flaherty on the standard of care of an attorney.

---

[3] The record reveals that on July 29, 2009, a motion for a restraining order was filed by the defendant's husband in the marital dissolution proceeding whereupon the court, *Barall, J.*, issued an order preventing the defendant from deposing Black. On November 12, 2009, the defendant was granted a continuance due to this order. Another subpoena was authorized for the defendant to depose Black on November 10, 2009, and the court denied Black's motion to quash the subpoena and a motion for a protective order. On January 13, 2010, counsel for Black again served a motion to quash and a motion for a protective order, requesting the date of the deposition be moved from January 14 to January 20, 2010, which was granted on January 14, 2010.

On the second day of trial, the court would not permit the defendant to testify to her claim that she had obtained a substandard divorce agreement due to the plaintiff's malpractice, without "expert testimony to guide the court in understanding [her] claim for damages." The defendant then orally requested "an additional court date when [she could] bring in expert testimony . . . ." The court denied the request.

On March 15, 2010, the court, *Domnarski, J.,* issued a memorandum of decision. The court found in favor of the plaintiff in the collection action, and also concluded that the defendant was unable to prevail on her counterclaim for legal malpractice. In determining that the defendant was unable to prevail on her malpractice claim, the court found that the evidence failed to establish that "attorney Flaherty's performance constituted an obvious and gross want of care and skill so as to fall within the exception to the expert witness requirement." The court then proceeded to find that even with the testimony from attorney Flaherty concerning the standard of proper professional skill and care, the defendant's evidence failed to demonstrate that the plaintiff breached such standard.[4] This appeal followed.

The defendant first claims that the court improperly denied her motion for a continuance in order to procure Black's testimony. We disagree.

"A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. . . . We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial. . . . In deciding whether to grant a continuance, the court of necessity balances several factors, including the importance

---

[4] The defendant filed a motion to set aside the judgment on March 31, 2010, as well as a motion to reargue on May 17, 2010, both of which were denied by the court.

of effective case flow management and the relative harm or prejudice to both parties." (Citation omitted; internal quotation marks omitted.) *Irving* v. *Firehouse Associates, LLC*, 82 Conn. App. 715, 719–20, 846 A.2d 918 (2004).

After reviewing the record, it is unclear that a motion for a continuance was made in order to procure Black's testimony. Although the defendant did orally request an additional court date to bring in expert testimony, there was no indication that this request was made so that Black could testify. Even if we were to assume, without deciding, that the oral request was a motion for a continuance to obtain Black's testimony, the defendant has not established an abuse of discretion by the trial court. The defendant was able to depose Black, yet she never disclosed him as an expert witness in accordance with Practice Book § 13-4 or subpoenaed him to testify. Furthermore, the defendant made her request for an additional trial date near the end of trial, after both sides had endured two days of testimony. As a result, we find that the trial court did not abuse its discretion in refusing the defendant's request.

The defendant next claims that the court improperly precluded the defendant from introducing Black's deposition into evidence. We are not persuaded.

"The admissibility of a deposition into evidence under Practice Book . . . [§ 13-31] is permissive in nature, leaving the ultimate determination to the trial judge. . . . On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference . . . [and] will be disturbed only upon a showing of clear abuse of discretion." (Internal quotation marks omitted.) *Mack* v. *LaValley*, 55 Conn. App. 150, 153, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999).

The defendant argues that she wanted Black's testimony admitted into evidence because attorney Flaherty

"made [her] mental health such a central issue in [the] case" and Black had evaluated her in the dissolution of her marriage. After reviewing the record and testimony, it is unclear how, if at all, Black's testimony was relevant to the defendant's claim of legal malpractice and the applicable standard of care of an attorney. Thus, the trial court did not abuse its discretion in denying the deposition into evidence.

Last, the defendant claims that the court erred in ruling that the defendant had failed to meet her burden of demonstrating legal malpractice. First, she argues that the court improperly determined that expert testimony was required for her claim of legal malpractice. Second, she argues that assuming expert testimony was necessary, the defendant offered sufficient expert testimony on the reasonable standard of care through the testimony of attorney Flaherty.

"The determination of whether expert testimony is needed to support a claim of legal malpractice presents a question of law. . . . Accordingly, our review is plenary. . . . Generally, to prevail on a legal malpractice claim, in Connecticut, a plaintiff must present expert testimony to establish the standard of proper professional skill or care. . . . Not only must the plaintiffs establish the standard of care, but they must also establish that the defendant's conduct legally caused the injury of which they complain. . . . Our courts have carved out a limited exception to this general rule in cases in which there is present such an obvious and gross want of care and skill that the neglect [to meet the standard of care] is clear even to a layperson." (Citations omitted; internal quotation marks omitted.) *Moore* v. *Crone*, 114 Conn. App. 443, 446–47, 970 A.2d 757 (2009).

The defendant contends that her case fits within the exception for the need to present expert testimony.

After reviewing the record, however, we conclude that the defendant's allegation of legal malpractice required expert testimony to assist the judge, as the trier of fact, with both the applicable standard of care and the evaluation of the plaintiff's performance with respect to that standard.

The defendant next argues that if she did need to provide expert testimony, she did so through attorney Flaherty's testimony. In the memorandum of decision, the court noted that the only testimony on the relevant standard of care and skill was elicited from attorney Flaherty, and "[t]he evidence presented by the defendant failed to establish a breach of the standard of care by attorney Flaherty." It is clear that the court did allow the defendant to use attorney Flaherty's testimony on the reasonable standard of care as expert testimony. Thus, the defendant's claim is without merit.

The judgment is affirmed.