******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHANDRA A. BOZELKO *v.* ANGELICA N.
PAPASTAVROS
(AC 36330)

DiPentima, C. J., and Sheldon and Norcott, Js.

*Argued November 20, 2014—officially released March 24, 2015*

(Appeal from Superior Court, judicial district of New
Haven, A. Robinson, J.)

*Chandra A. Bozelko*, self-represented, the appellant
(plaintiff).

*Daniel J. Krisch*, with whom, on the brief, were
*Thomas P. Lambert* and *Brian E. Tims*, for the appel-
lee (defendant).

*Opinion*

DiPENTIMA, C. J. In this legal malpractice action, the self-represented plaintiff, Chandra A. Bozelko, appeals from the summary judgment rendered by the trial court in favor of the defendant, Angelica N. Papastavros. On appeal, the plaintiff claims that the court erred when it (1) concluded that the allegations in the complaint did not state a claim falling within the gross negligence exception to the expert witness testimony requirement for legal malpractice claims; (2) concluded that the defendant's affidavit presented evidence of undisputed material fact; and (3) did not adjudicate the plaintiff's two requests for adjudication of discovery disputes in a timely manner. In addition, the plaintiff claims that requiring her—an indigent party—to retain an expert witness in order to adjudicate her claim of legal malpractice violated her right to due process.[1] We are not persuaded by these claims and affirm the judgment of the court.

The following facts and procedural history are relevant to this appeal. The plaintiff brought this claim of legal malpractice against the defendant, alleging that the defendant had inadequately represented her in criminal proceedings.[2] On February 10, 2011, the plaintiff filed the operative amended complaint (complaint) containing three counts.[3] In count one, the plaintiff alleged that on June 7, 2007, she retained the defendant to represent her with respect to criminal charges that were pending against her, and that the defendant was negligent in representing the plaintiff prior to and during trial. In count two, the plaintiff alleged that the defendant breached the fiduciary duty that she owed to the plaintiff as a result of their attorney-client relationship.

On March 28, 2013, the defendant filed a motion for permission to file a summary judgment motion, which the court denied, concluding that there was "insufficient time for the motion to be filed, responded to, argued and decided before the June [27, 2013] trial date." In its order denying the defendant's motion, however, the court also ordered the plaintiff to disclose her expert witness "no less than forty-five days before trial," because "the issue of expert disclosure may prove dispositive in this matter . . . ." In addition, the court specifically stated that failure "to comply with this order will result in the preclusion of the expert from testifying." The court's order also stated that the defendant would be able to renew her motion for summary judgment should the plaintiff fail to comply with the disclosure requirement.

On May 17, 2013, the plaintiff filed her expert witness disclosure, stating that she intended to call James J. Ruane, her habeas counsel, as an expert witness. The defendant moved to preclude Ruane from testifying, arguing that the plaintiff had failed to comply with the

expert disclosure order. While the ruling on that motion was pending, the defendant renewed her motion for summary judgment.

On June 11, 2013, the court held a hearing on the motion to preclude. During that hearing, Ruane testified that he had not been retained as an expert witness by the plaintiff, and that he had no opinion to offer in the case. On the basis of Ruane's testimony, the court found that the plaintiff had failed to comply with the court's expert disclosure order and issued an order precluding her from offering expert testimony in the case.[4]

The plaintiff filed a motion to reargue the preclusion order, which was granted by the court. During the subsequent hearing on June 27, 2013, the plaintiff advanced three arguments: (1) that her expert disclosure had been timely and adequate; (2) that she could use the defendant as her expert witness instead of Ruane; or, in the alternative, (3) that this case was exempt from the expert witness requirement for legal malpractice actions because the defendant's actions fell within the gross negligence exception to the general rule. Upon the conclusion of the hearing, the court found that, as a matter of law, the plaintiff was required to support her allegations with expert witness testimony because the allegations in the complaint did not rise to the level of gross negligence. The court then stated that although it was "solicitous of self-represented parties and [tried] to give deference to the fact that they do not have legal training, they are still bound by the Connecticut rules of practice. Under those rules, when there is expert testimony required, [Practice Book §] 13-4 requires that the disclosures be made that provide not only the identity of the expert but also the nature of the testimony that is going to be provided." The court then concluded that the plaintiff could neither use Ruane, who had testified to not having an opinion to offer, nor use the defendant, whom the plaintiff had failed to timely and properly disclose in accordance with the requirements of our rules of practice on expert witness disclosure. In conclusion, the court stated that, "despite being given ample opportunity . . . over a period of over six years" to "fully and fairly to disclose" an expert, the plaintiff had not done so, and that she failed to provide the court "with any reason to believe that given more time [she] would get an expert." On the basis of these conclusions, the court declined to vacate the preclusion order, determined that it was not required to hold an evidentiary hearing on the defendant's motion for summary judgment because there was no genuine issue of material fact that the plaintiff did not have the required expert witness, and rendered judgment in favor of the defendant. The court, sua sponte, immediately stayed the entry of the order for judgment until the plaintiff's unresolved discovery issues were adjudicated. The court's order specifically stated that, pending the resolution of the discovery issues, it "will consider whether it is

appropriate to enter final judgment for the defendant or to vacate the order." The court ultimately rendered judgment in favor of the defendant on September 23, 2013. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the applicable standard of review. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Byrne* v. *Grasso*, 118 Conn. App. 444, 447, 985 A.2d 1064 (2009), cert. denied, 294 Conn. 934, 987 A.2d 1028 (2010). It is well settled that in "deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) Id., 447–48.

I

The plaintiff first claims that the court erred in concluding that the allegations in the complaint did not fall within the gross negligence exception to the expert witness testimony requirement for legal malpractice claims. We are not persuaded.

It is well established that "[i]n general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. . . . When proof of the existence of an attorney-client relationship is conceded, proof of the second element, a wrongful act or omission, normally involves expert testimony as to the existence of a professional duty on the part of the attorney and a departure from it by some negligent act or omission. . . .

"As to causation: In legal malpractice actions, the plaintiff typically proves that the defendant attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the defendant not been negligent." (Internal quotation marks omitted.) Id., 448–49. The requirement of expert witness testimony in legal malpractice cases "serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evalu-

ate the [attorney's] actions in light of that standard." *Davis* v. *Margolis*, 215 Conn. 408, 416, 576 A.2d 489 (1990). "[T]he determination of whether expert testimony is needed to support a claim of legal malpractice presents a question of law." (Internal quotation marks omitted.) *Byrne* v. *Grasso*, supra, 118 Conn. App. 448.

Despite this general requirement, our courts have carved out "a limited exception to this general rule in cases in which there is present such an *obvious and gross want of care and skill* that the neglect [to meet the standard of care] is clear even to a layperson." (Emphasis added; internal quotation marks omitted.) *Moore* v. *Crone*, 114 Conn. App. 443, 447, 970 A.2d 757 (2009). The exception, however, "is limited to situations in which the defendant attorney essentially has done nothing whatsoever to represent his or her client's interests . . . ." *Pagan* v. *Gonzales*, 113 Conn. App. 135, 141, 965 A.2d 582 (2009); see also *Cammarota* v. *Guerrera*, 148 Conn. App. 743, 751–52, 87 A.3d 1134 (concluding that attorney's act of giving check payable to client to another individual constituted negligence within common experience of lay jury not requiring expert testimony), cert. denied, 311 Conn. 944, 90 A.3d 975 (2014); *Paul* v. *Gordon*, 58 Conn. App. 724, 728, 754 A.2d 851 (2000) (holding that no expert testimony required where attorney allegedly did absolutely nothing to protect plaintiff's interests).

In this case, the plaintiff's complaint alleged, inter alia, that the defendant failed to "institute a written fee agreement . . . within a reasonable period of time," misrepresented her trial experience and the length of her legal career, and initiated contact with the news media without the plaintiff's consent. The complaint further alleged that the defendant failed to familiarize herself with the underlying facts; to become competent in criminal trial procedure and laws; to exhibit competency in the practice of law; to deliver a coherent closing argument; and to maintain attorney-client confidentiality.

The court, viewing the allegations in the complaint liberally, concluded that "none of [the] claims assert allegations that might fairly be read as gross negligence." The court further determined that the "case does not involve a claim that [the defendant] did nothing—or essentially nothing in representing [the plaintiff]. On the contrary, the plaintiff's own claims allege that [the defendant] did many things in her representation of the plaintiff, albeit they claim she did them improperly or unprofessionally." Furthermore, the court found that even if the plaintiff did not need an expert as to the standard of care, she "has not addressed nor provided an expert as to the causation issue"; (internal quotation marks omitted); which was her burden as the plaintiff.

Having reviewed the record in the case, we conclude,

as did the trial court, that the allegations in the plaintiff's complaint did not state a claim of gross negligence and therefore required expert witness testimony to assist the trier of fact in determining the applicable standard of care and to help evaluate the defendant's actions in light of that standard.[5] The alleged failures all suggest actions taken by the defendant that constituted efforts to represent the plaintiff and were not within the common knowledge of the lay jury. The court properly determined that the exception to the general requirement of expert testimony in legal malpractice claims did not apply to this case and that, given the inability of the plaintiff to present such expert testimony, her claims of legal malpractice and breach of fiduciary duty could not have been proven at trial. Thus, the plaintiff's first claim must fail.[6]

## II

The plaintiff next claims that the court erroneously rendered summary judgment in favor of the defendant because the affidavit filed in support of the motion for summary judgment failed to establish that there was no genuine issue of material fact in dispute. The defendant counters that it was an undisputed material fact in the case that the plaintiff could not establish her prima facie case due to a lack of expert witness testimony. We agree with the defendant.

"Because litigants ordinarily have a constitutional right to have issues of fact decided by the finder of fact, the party moving for summary judgment is held to a strict standard. [It] must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . A material fact is a fact that will make a difference in the result of the case. . . . [T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . . It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . *evidentiary facts, or substantial evidence outside the pleadings* to show the absence of any material dispute. . . . The party opposing summary judgment must present a factual predicate for [its] argument to raise a genuine issue of fact. . . . Once raised, if it is not conclusively refuted by the moving party, a genuine issue of fact exists, and summary judgment is inappropriate." (Citations omitted; emphasis altered; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 802–803, 842 A.2d 1134 (2004).

In her affidavit supporting the motion for summary judgment, the defendant averred that no genuine issue of material fact existed as to whether the plaintiff could establish her prima facie case of legal malpractice without expert testimony. To substantiate her allegations, the defendant provided evidence outside the pleadings

establishing that the plaintiff had failed to comply with the court's order mandating the expert's disclosure and, as a result, was precluded from introducing an expert witness. Having reviewed the record, we agree with the court that despite her burden to provide an evidentiary foundation demonstrating the existence of a genuine issue of material fact, the plaintiff failed to provide such evidence in support of her opposition to the motion for summary judgment; the plaintiff failed to refute the material fact that she did not have an expert witness. Accordingly, we conclude that the court did not err in its determination that the defendant's affidavit brought forward evidentiary facts outside the pleadings establishing an absence of a genuine issue of material fact. Therefore, the plaintiff's claim must fail.

## III

The plaintiff next claims that the court abused its discretion by delaying the resolution of her two requests for adjudication of her discovery dispute. We are not convinced.

We first note that the plaintiff's claim concerns matters of judicial economy, docket management and control of courtroom proceedings that are particularly within the province of a trial court. *Marshall* v. *Marshall*, 71 Conn. App. 565, 575, 803 A.2d 919, cert. denied, 261 Conn. 941, 808 A.2d 1132 (2002). Thus, our review of this claim is governed by the abuse of discretion standard. See id., 574.

"There is no hard and fast rule by which an abuse of discretion may be determined but, in general, for an exercise of discretion not to amount to an abuse, it must be legally sound and there must be an honest attempt by the court to do what is right and equitable under the circumstances of the law, without the dictates of whim or caprice." (Internal quotation marks omitted.) *Sullivan* v. *Yale-New Haven Hospital, Inc.*, 64 Conn. App. 750, 754, 785 A.2d 588 (2001). "Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) Id.

The following facts and procedural history facilitate our discussion. The defendant first objected to the plaintiff's interrogatories on July 28, 2009, which was almost four years before the June 27, 2013 trial date. The plaintiff did not raise the issue with the court until March 4, 2013, when she filed a request, asking the court to schedule a hearing on the subject. In her request, however, the plaintiff did not ask for a specific date on which she wanted the hearing to be held. The court granted the plaintiff's request on March 11, 2013, without setting a date. Thereafter, the plaintiff did not file a request for adjudication of discovery until May 3, 2013. On May 6, 2013, the court ordered the discovery and other outstanding matters to be adjudicated on May

20, 2013, unless the defendant objected before May 10, 2013. The defendant objected on May 9, 2013. Thereafter, the plaintiff filed her second request for adjudication of discovery on May 20, 2013. On June 3, 2013, the court ordered the matters to be adjudicated on June 11, 2013. At the June 11 hearing, the court found that the plaintiff had failed to comply with the expert witness disclosure order and granted the defendant's motion to preclude the plaintiff from offering an expert witness to support her claims. The defendant then renewed her motion for summary judgment. The plaintiff raised the issue of the outstanding discovery, but the court stated that it would not address discovery before deciding the legal issue in the case—whether or not the plaintiff could, as a matter of law, meet her burden of proof in the case. On June 28, 2013, the court ordered the outstanding discovery issues to be adjudicated on or before July 22, 2013, and granted the defendant's motion for summary judgment, staying the judgment until after the adjudication of the discovery dispute. Thereafter, the issues were adjudicated by the court on July 3, 2013.

Having reviewed the record, we are convinced that the court did not abuse its discretion in adjudicating discovery issues. The plaintiff did not raise the issue with the court until March, 2013—almost four years after the defendant had objected to her interrogatories. The court is not responsible for this delay. See Practice Book § 13-8 (b). The record further reveals that once the plaintiff had filed her request for adjudication, the court promptly granted her requests and scheduled hearings to resolve the matter. We also conclude that the court did not abuse its discretion by declining to consider the discovery issues before it had an opportunity to consider the *dispositive* legal issue in the case, and the plaintiff could not have been harmed by the court's decision because an earlier resolution of the discovery dispute would not have affected the issue of expert witness preclusion. Simply stated, our review does not uncover a manifest abuse of discretion, and no injustice appears to have been done. Moreover, having reviewed the record and the transcripts, we note that the court remained attentive and patient with the plaintiff throughout the proceedings and afforded her more than sufficient opportunities to present her case. Thus, the plaintiff's claim must fail.

IV

The plaintiff's final claim is that the court violated her constitutional right to due process by requiring her to present an expert witness in order to litigate her claim. Specifically, the plaintiff argues that requiring an indigent litigant to procure expert witness testimony in a legal malpractice action "essentially locks out indigent plaintiffs and leaves them no way to get redress in [the courts]." We conclude that this claim is inadequately briefed and decline to afford it review.

In her brief, the plaintiff cites *Boddie* v. *Connecticut*, 401 U.S. 371, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971), for the proposition that "due process of law prohibits a [s]tate from denying, solely because of inability to pay court fees and costs, access to its courts to indigents who, in good faith seek redress in the courts." (Internal quotation marks omitted.) She does not, however, indicate whether her claim concerns procedural due process, substantive due process or both, and provides no meaningful legal analysis under either. See *Columbia Air Services, Inc.* v. *Dept. of Transportation*, 293 Conn. 342, 358 n.7, 977 A.2d 636 (2009) (party should indicate and provide separate cases and analysis on procedural and substantive due process claims); see also *Bohonnon Law Firm, LLC* v. *Baxter*, 131 Conn. App. 371, 383, 27 A.3d 384 (same), cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011). It is axiomatic that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Carpenter*, 275 Conn. 785, 826, 882 A.2d 604 (2005), cert. denied, 547 U.S. 1025, 126 S. Ct. 1578, 164 L. Ed. 2d 309 (2006); see also *Frauenglass & Associates, LLC* v. *Enagbare*, 149 Conn. App. 103, 111, 88 A.3d 1246 ("[a] claim that does no more than assert a due process violation without legal analysis is deemed abandoned"), cert. denied, 314 Conn. 927, 101 A.3d 273 (2014). Accordingly, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] We note that even though the court did not make a specific finding as to the plaintiff's financial status, it approved several motions to waive the entry fee and pay the cost of service where the plaintiff certified that she had no equity and received only a small income from her employment in prison.

[2] Ultimately convicted, the plaintiff was sentenced to ten years incarceration, execution suspended after five years, followed by four years of probation. *State* v. *Bozelko*, 154 Conn. App. 750, 756,    A.3d    (2015).

[3] The third count alleged negligent infliction of emotional distress. The plaintiff withdrew this count on December 19, 2011.

[4] The court also concluded that the disclosure was late and inadequate.

[5] In addition, the plaintiff claims that the court violated her due process rights when it declined to hold " 'a trial-like hearing' " before it engaged in a "factual finding" on the issue of gross negligence. As we have stated, the court's determination was not a factual finding but a legal conclusion that did not require a hearing. Thus, this claim is without merit.

[6] We also agree with the court's conclusion that the plaintiff's claims of breach of fiduciary duty likewise required expert witness testimony. Having reviewed the plaintiff's allegations of breach of fiduciary duty and legal malpractice, we are convinced, as was the court, that "they mirror one another; they essentially argue and claim the same thing." As our cases have held, "[a]lthough every attorney-client relationship imposes a fiduciary duty on the attorney . . . a plaintiff cannot avoid [the] burden to present expert testimony to articulate the contours of that relationship by styling [the] cause of action as one for breach of fiduciary duty." (Citation omitted.) *Marciano* v. *Kraner*, 126 Conn. App. 171, 178–79, 10 A.3d 572, cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011).