J-S50036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GLENN BRENNAN, | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2020 |

Appeal from the PCRA Order Entered June 30, 2020
in the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0003262-2015

BEFORE:    BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 19, 2021**

Appellant, Glenn Brennan, appeals from the order entered on June 30, 2020, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  Counsel has petitioned to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  For reasons explained *infra*, we direct counsel to send copies of the letter, petition to withdraw, and **Turner**/**Finley** brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth.

A prior panel of this Court provided the following background.

The record reveals that Appellant committed and conspired to commit multiple robberies of commercial establishments between January 11, 2015, and February 28, 2015.  In connection with those crimes, on March 19, 2015, Appellant was

*Retired Senior Judge assigned to the Superior Court.

charged with eleven counts of robbery (threatening to commit serious bodily injury),[1] eleven counts of conspiracy to commit robbery (threatening to commit serious bodily injury),[2] eleven counts of robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[3] eleven counts of conspiracy to commit robbery (inflicting serious bodily injury, threatening to inflict serious bodily injury, or intentionally putting one in fear of immediate bodily injury),[4] eleven counts of theft by unlawful taking,[5] eleven counts of conspiracy to commit theft by unlawful taking,[6] eleven counts of receiving stolen property,[7] eleven counts of conspiracy to commit receiving stolen property,[8] ten counts of making terroristic threats,[9] ten counts of possessing an instrument of crime,[10] ten counts of simple assault,[11] and ten counts of recklessly endangering another person.[12]

_____

[1] 18 Pa.C.S. § 3701(a)(1)(ii).

[2] 18 Pa.C.S. § 903(a)(1).

[3] 18 Pa.C.S. § 3701(a)(1)(iv).

[4] 18 Pa.C.S. § 903(a)(1).

[5] 18 Pa.C.S. § 3921(a).

[6] 18 Pa.C.S. § 903(a)(1).

[7] 18 Pa.C.S. § 3925(a).

[8] 18 Pa.C.S. § 903(a)(1).

[9] 18 Pa.C.S. § 2706(a)(1).

[10] 18 Pa.C.S. § 907(a).

[11] 18 Pa.C.S. § 2701(a)(3).

[12] 18 Pa.C.S. § 2705.

On July 27, 2015, Appellant entered guilty pleas to all charges. On December 28, 2015, the trial court sentenced Appellant to consecutive terms of eighteen to thirty-six months of incarceration on the eleven counts of robbery (threatening to

commit serious bodily injury), and a concurrent term of twenty years of probation for one count of conspiracy to commit robbery (threatening to commit serious bodily injury). No further penalty was imposed at the remaining counts. This resulted in an aggregate sentence of sixteen and one-half to thirty-three years of incarceration and a concurrent term of twenty years of probation. On January 6, 2016, Appellant filed a timely post-sentence motion for reconsideration of his sentence. Following a hearing, the trial court denied Appellant's post-sentence motion.

*Commonwealth v. Brennan*, 161 A.3d 373, 1490 EDA 2016 (Pa. Super., filed February 10, 2017) (unpublished memorandum at *1–3). Appellant appealed to this Court, challenging the discretionary aspects of his sentence. Upon review, we affirmed Appellant's judgment of sentence. *Id.* Appellant filed a petition for allowance of appeal, which our Supreme Court denied on August 8, 2017. *Commonwealth v. Brennan*, 170 A.3d 978, 145 MAL 2017 (Pa., filed August 8, 2017).

The PCRA court recounted the procedural history of this case, as follows:

> On March 26, 2018, [Appellant] filed a timely, *pro se* PCRA petition. By order dated May 4, 2018, PCRA counsel was appointed and was directed to file an amended petition setting forth all claims [Appellant] sought to pursue. On May 14, 2018, PCRA counsel filed a petition for an extension of time within which to file his amended petition. By Order dated May 23, 2018, PCRA counsel's request was granted.

> On August 21, 2018, PCRA counsel filed a "no-merit" letter pursuant to [*Turner* and *Finley*] and moved to withdraw as PCRA counsel due to a lack of meritorious issues. In the *Turner*/*Finley* letter, PCRA counsel asserted that his review of the record and his discussions with trial counsel revealed no basis to question the voluntariness of [Appellant's] plea. PCRA counsel also advised … that [Appellant] had failed to respond to counsel's inquiries regarding [Appellant's] discussions with trial

- 3 -

counsel and his understanding of the rights he was surrendering by entering the plea. PCRA counsel concluded that without [Appellant's] cooperation and input, he could find no basis for PCRA relief.

On November 20, 2018, PCRA counsel filed a motion requesting additional time to examine [Appellant's] claims based on a communication he received from [Appellant] on November 19, 2018. By Order dated November 27, 2018, PCRA counsel was granted until January 15, 2019[,] to file an amended PCRA petition.

On January 7, 2019, PCRA counsel again filed for leave to withdraw due to [Appellant's] continued failure to communicate with counsel. After reviewing [Appellant's] *pro se* petition, counsel's "no merit" letter and the record in this case, th[e PCRA c]ourt entered a Notice of Intent to Dismiss pursuant to [Pennsylvania Rule of Criminal Procedure] 907 on April 24, 2019, advising [Appellant] that th[e PCRA c]ourt intended to dismiss [Appellant's] request for PCRA relief without a hearing and further advising him that he had twenty days from the entry of the order to file a response to the Notice of Intent to Dismiss and PCRA counsel's **Turner**/**Finley** letter. [Appellant] did not file a response.

By Order dated June 14, 2019, th[e PCRA c]ourt scheduled a video status hearing for July 18, 2019[,] to confirm [Appellant's] receipt of the **Turner**/**Finley** letter and the Notice of Intent to Dismiss and to inquire whether he intended to file a response. At that hearing, PCRA counsel advised th[e PCRA c]ourt that [Appellant] had experienced difficulty communicating with counsel but that problem had been discussed and addressed between he [*sic*] and his client. Based on their pre-hearing discussions, PCRA counsel requested additional time to investigate potential meritorious issues. PCRA counsel's request was granted and he was directed to submit a proposed scheduling order by August 1, 2019. On July 22, 2019, PCRA counsel submitted a proposed scheduling order. By Order dated July 31, 2019, PCRA counsel was granted leave to file an amended PCRA petition on or before September 30, 2019. On September 5, 2019, PCRA counsel filed an amended PCRA petition[, raising a single claim of ineffective assistance of plea counsel for convincing Appellant to "plead guilty by erroneously telling him he had no chance to suppress statements obtained

from him by police while he was under the effect of intoxicating substances, and he was incapable of giving voluntary, knowing and intelligent consent to waive the presence and advice of counsel." Motion to Amend PCRA Petition, 9/5/19, at ¶ 2(a).] On September 26, 2019, the Commonwealth filed its Answer. On February 7, 2020, a hearing was held. [At the hearing, the PCRA court heard testimony from plea counsel and Appellant.] At the conclusion of the hearing, the parties were directed to file briefs. By Order dated June 30, 2020, [Appellant's] request for PCRA relief was denied.

PCRA Court Opinion, 7/27/20, at 7–8 (record citations omitted).

This timely-filed notice of appeal followed. The PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In lieu of filing a concise statement, counsel filed a statement of intent to file an *Anders*/*Santiago*[1] brief pursuant to Rule 1925(c)(4). The PCRA court filed a Rule 1925(a) opinion on July 27, 2020. As noted, counsel has filed a *Turner*/*Finley* brief in this Court on Appellant's behalf, and counsel's petition to withdraw remains outstanding.

Prior to addressing the merits of the issues on appeal, we must first determine whether counsel has fulfilled the procedural requirements for withdrawing his representation. *Commonwealth v. Daniels*, 947 A.2d

---

[1] *Anders v. California*, 386 U.S. 738 (1967); *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner*/*Finley* "no-merit letter" is the appropriate filing. *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). As noted, counsel ultimately filed a *Turner*/*Finley* brief in this Court.

795, 797 (Pa. Super. 2008). This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**, **supra** and **Finley**, **supra** and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

In his petition to withdraw, counsel stated that he furnished a copy of his petition to withdraw to Appellant, and he included a copy of the letter he allegedly sent to Appellant. However, other than counsel's statement, nothing in the letter, petition to withdraw, or certified record confirms that counsel contemporaneously served Appellant with copies of the letter, petition to withdraw, and **Turner**/**Finley** brief. Instead, the proofs of

service attached to counsel's filings indicate service on the Commonwealth only. No proof of service was included with the letter appended to the petition to withdraw or the *Turner*/*Finley* brief. Thus, counsel has not complied with the *Turner*/*Finley* notice requirements.

Accordingly, we are compelled to direct counsel to send a copy of the letter, petition to withdraw, and *Turner*/*Finley* brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth, within ten days of the filing of this Memorandum.

Panel jurisdiction retained.

Judge Strassburger did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/19/2021*